LINDA WALDEN CULLER v. THOMAS RAY HARDY A/K/A KHALIL ABDUL-RAHMAN

No. COA99-285

(Filed 21 March 2000)

**Costs— attorney fees—failure to consider factors**

The trial court's award to plaintiff of attorney fees under N.C.G.S. § 6-21.1 in a personal injury case arising out of an automobile accident is vacated and remanded because the trial court abused its discretion since it failed to consider the timing and amount of settlement offers, the bargaining position of the parties, and the amount of the settlement offers as compared to the jury verdict.

Appeal by defendant from judgment entered 20 July 1998 by Judge Jerry Cash Martin in Superior Court, Guilford County. Heard in the Court of Appeals 7 December 1999.

*Marquis D. Street for plaintiff-appellee.*

*Burton & Sue, L.L.P., by Gary K. Sue and James D. Secor, III, for defendant-appellant.*

TIMMONS-GOODSON, Judge.

On 27 October 1995, Linda Walden Culler ("plaintiff") was stopped in her car at a red light when a vehicle driven by Thomas Ray Hardy ("defendant") struck the rear of plaintiff's car. Plaintiff submitted a settlement demand and brochure to defendant's liability carrier, the Allstate Insurance Company ("Allstate") demanding payment in the amount of $62,545.43 for medical costs, lost wages, past and present pain, suffering, and mileage for visits to a physical therapist. Allstate declined plaintiff's claim on the basis that there was insufficient impact to cause injury.

Prior to trial, plaintiff indicated in a Response to the Request for Amount of Monetary Relief that she sought $62,545.43 in damages. Defendant asserts and plaintiff denies that defendant offered plaintiff $1,000.00 in pretrial settlement discussions before the trial court, which plaintiff refused. Through the course of the trial, the lowest demand made by plaintiff was in the amount of $17,500.00.

Following a five day trial, the jury returned a verdict for plaintiff in the amount of $1,500.00. Counsel for plaintiff filed a Motion for

**CULLER v. HARDY**

[137 N.C. App. 155 (2000)]

Attorney's Fees and submitted an Affidavit of Services chronicling 90.5 hours of time dedicated to the case. A hearing on the Motion was conducted and the trial court entered an order awarding counsel for plaintiff $9,050.00 in attorney's fees. The trial court signed a written judgment which included the following findings with regard to attorney fees:

4. The court finds that Marquis D. Street devotes in excess of ninety per cent of his practice in representing injured persons.

5. The court finds that Marquis D. Street expended 90.5 hours on behalf of the Plaintiff in the legal representation of this matter[.]

6. The court finds the 90.5 hours of legal representation to Plaintiff by Marquis D. Street are reasonable and the court finds that an attorney's fee of $100.00 per hour is reasonable considering the fees charged by other attorneys in this area with similar experience and background in representing clients in matters of this nature.

Defendant filed a Motion to Amend the order awarding fees, seeking to include as findings of fact:

4. During the hearing of the [Motion for Attorney's Fees], counsel for the defendant presented evidence on the issue of the appropriateness of the attorney's fee award. The matters presented by defense counsel on this issue included, but were not limited to, the following:

(a) That counsel for the plaintiff's only pre-suit settlement demand was in the amount of $50,000.00;

(b) That after suit was initiated, counsel for the plaintiff filed a Rule 8 Statement of Monetary Relief reflecting that the plaintiff was seeking damages in the amount of $50,000.00;

(c) That at no time thereafter did counsel for the plaintiff's settlement demand ever fall below $17,500.00;

(d) That defense counsel had offered $1,000.00 in settlement of this matter prior to trial;

(e) That the jury award was in the amount of $1,500.00.

**CULLER v. HARDY**

[137 N.C. App. 155 (2000)]

The trial court denied the Motion to Amend the order. Defendant appeals from the award of attorney's fees to counsel for plaintiff and from the denial of the Motion to Amend.

The dispositive issue on appeal is whether the trial court abused its discretion in awarding counsel fees for plaintiff's attorney.

Pursuant to North Carolina General Statutes section 6-21.1, attorney's fees may be allowed as part of court costs in certain cases. The statute reads as follows:

> In any personal injury or property damage suit, or suit against an insurance company under a policy issued by the defendant insurance company and in which the insured or beneficiary is the plaintiff, upon a finding by the court that there was an unwarranted refusal by the defendant insurance company to pay the claim which constitutes the basis of such suit, instituted in a court of record, where the judgment for recovery of damages is ten thousand dollars ($10,000) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fee to be taxed as a part of the court costs.

N.C. Gen. Stat. § 6-21.1 (1997). By the express language of section 6-21.1, attorney's fees are allowed in the discretion of the trial court. The ruling of the trial court will not be disturbed on appeal absent a showing of abuse of discretion. *West v. Tilley*, 120 N.C. App. 145, 151, 461 S.E.2d 1, 4 (1995). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *Blackmon v. Bumgardner*, 135 N.C. App. 125, 130, 519 S.E.2d 335, 338 (1999) (citations omitted).

In *Hicks v. Albertson*, 284 N.C. 236, 239, 200 S.E.2d 40, 42 (1973), our Supreme Court enunciated the underlying rationale for section 6-21.1, stating:

> The obvious purpose of this statute is to provide relief for a person who has sustained injury or property damage in an amount so small that, if he must pay his attorney out of his recovery, he may well conclude that it is not economically feasible to bring suit on his claim. In such a situation the Legislature apparently concluded that the defendant, though at fault, would have an unjustly

superior bargaining power in settlement negotiations . . . . This statute, being remedial, should be construed liberally to accomplish the purpose of the Legislature and to bring within it all cases fairly falling within its intended scope.

However, the trial court does not have unbridled discretion in awarding attorney's fees. *Washington v. Horton*, 132 N.C. App. 347, 351, 513 S.E.2d 331, 334 (1999).

While the statute is aimed at encouraging injured parties to press their meritorious but pecuniarily small claims, we do not believe that it was intended to encourage parties to refuse reasonable settlement offers and give rise to needless litigation by guaranteeing that counsel will, in all cases, be compensated.

*Id.* at 352, 513 S.E.2d at 335 (quoting *Harrison v. Herbin*, 35 N.C. App. 259, 261, 241 S.E.2d 108, 109, *cert. denied*, 295 N.C. 90, 244 S.E.2d 258 (1978)).

In *Horton*, a case arising out of a motor vehicle collision, the plaintiffs made settlement demands prior to verdict ranging from $30,000.00 to $50,000.00. The defendant made two offers of settlement prior to trial, the first in the amount of $5,573.21 and the second in the amount of $8,004.00. Following trial, the jury returned a verdict for the plaintiffs in the amount of $3,782.31. The trial court awarded a sum of $4,000.00 in attorney's fees to counsel for plaintiffs.

On appeal, this Court reversed and remanded the award of attorney's fees for reconsideration. The *Horton* Court ordered the trial judge on remand to consider the entire record, including the following pertinent factors:

(1) whether any settlement offers were made prior to the institution of the action; (2) whether the defendant unjustly exercised superior bargaining power in the settlement negotiation process; (3) the timing of the settlement offers; (4) the amount of the settlement offers as compared to the jury verdict.

*Id.* at 351, 513 S.E.2d at 334-35 (citations omitted).

Similarly, in *Harrison*, 35 N.C. App. 259, 241 S.E.2d 108, the defendant made a settlement offer of $200.00 prior to trial and the jury returned a verdict of $250.00 for plaintiff. The trial court declined to award attorney's fees and this Court affirmed the decision of the trial court. Most recently, in *Blackmon*, 135 N.C. App. 125, 519 S.E.2d

335, this Court affirmed the trial court's denial of attorney's fees where the defendant made a substantial offer of judgment prior to trial and the amounts offered in settlement were greater than the amount plaintiff recovered at trial.

In the present case, defendant contends that plaintiff refused a reasonable pretrial settlement offer. Plaintiff denies that such a settlement offer was made. In any event, the trial court failed to make any findings of fact regarding the existence or amount of any settlement offer. Even while hearing the Motion to Amend, the trial court failed to appreciate the significance of settlement offers. In addressing said motion, the trial court stated:

> FURTHER, the Court did specifically consider the statements made by the defendant during the argument made by the defendant during the hearing on July 1, 1998 and re-stated in the defendant's Motion to Amend Order as paragraph 4, sub-parts . . . (d) and (e), but did not find the factors of such consequence as to be made a part of the final order.

According to *Horton*, the timing and amount of settlement offers and the amount of the jury verdict are significant factors for the trial court to consider in determining whether to award attorney's fees.

The trial court abused its discretion in awarding attorney's fees to counsel for plaintiff without considering the guidelines established by *Horton*. As such, we hold that the award of attorney's fees in the present case must be vacated and the case remanded for the trial court to consider the entire record in the proper exercise of its discretion. The trial court is required to make additional findings of fact regarding the timing and amount of any settlement offers, the bargaining position of the parties, and the amount of the settlement offers as compared to the jury verdict.

For the foregoing reasons, we hold that the trial court erred in awarding attorney's fees to counsel for plaintiff. Therefore, we vacate and remand. Having determined that the trial court erred, we need not address defendant's remaining assignments of error.

Vacated and Remanded.

Judges GREENE and WALKER concur.