BRENDA HOUSE, Plaintiff v. LEVI STONE, Defendant

No. COA03-671

(Filed 6 April 2004)

**1. Costs— attorney fees—amount of offer and judgment**

Findings regarding the denial of attorney fees in a personal injury case were sufficient where they reflected the court's weighing of the offer of judgment and the judgment finally obtained when it decided not to award attorney fees.

**2. Costs— attorney fees—findings**

The findings on a denial of attorney fees were supported by the entire record.

**3. Costs— attorney fees—amount of judgment**

There was no error in the trial court's findings on the amount of the judgment finally obtained where defendant contended that the court did not take into account the interest added to the judgment.

**4. Costs— attorney fees—consideration of record— *Washington* factors—no abuse of discretion**

There was no abuse of discretion in the denial of a motion for attorney fees where the court properly considered the entire record and made findings on the *Washington* factors.

Appeal by plaintiff from order entered 5 March 2003 by Judge Jack A. Thompson in Johnston County Superior Court. Heard in the Court of Appeals 1 March 2004.

*Armstrong & Armstrong, P.A., by L. Lamar Armstrong, Jr., for plaintiff-appellant.*

*Robert E. Ruegger for defendant-appellee.*

TIMMONS-GOODSON, Judge.

Brenda House ("plaintiff") appeals the trial court's order denying attorney's fees. For the reasons stated herein, we affirm the trial court's order.

The facts tend to show the following: On 15 July 1996, plaintiff was involved in an automobile accident. Plaintiff's minor daughter,

**HOUSE v. STONE**

[163 N.C. App. 520 (2004)]

LaShay House ("House"), suffered personal injuries as a result of the accident. On 9 July 1999, plaintiff filed a complaint against the driver of the other vehicle involved in the accident, Levi Stone ("defendant"), as well as the owner of the vehicle, Maggie Miller Corprew ("Corprew"), seeking recovery for her payment of House's medical bills. Luther D. Starling ("Starling"), guardian *ad litem* for House, also filed a claim. Starling's claim was later voluntarily dismissed without prejudice. Defendant and Corprew filed an answer denying liability. Plaintiff later dismissed her claim against Corprew.

Pursuant to N.C. Gen. Stat. § 1A-1, Rule 68, defendant filed an Offer of Judgment on 25 July 2000 in the amount of $1,264, which was "inclusive of all damages [and] attorney's fees taxable as costs[.]" Following a jury trial on 13 November 2000, defendant was found negligent and plaintiff was awarded $2,348 in damages.

Pursuant to N.C. Gen. Stat. § 6-20 and § 6-21.1, plaintiff filed a motion on 21 November 2000 for costs and reasonable attorney's fees. Plaintiff's counsel, L. Lamar Armstrong, Jr. ("Armstrong"), filed an affidavit in support of the motion. Pursuant to N.C. Gen. Stat. § 1A-1, Rule 52, on 4 January 2001, plaintiff filed a motion requesting the trial court make "specific findings of fact and conclusions of law with respect to [its] ruling on plaintiff's motion to tax reasonable attorney's fees."

In an order filed 8 January 2001, the trial court denied plaintiff's motion for attorney's fees but granted plaintiff's request for costs in the amount of $1,692. In *House v. Stone*, 150 N.C. App. 713, 564 S.E.2d 319 (2002) (unpublished) ("*House I*"), plaintiff appealed the order, arguing that (I) the trial court failed to make sufficient findings of fact and conclusions of law as required by our Court in *Washington v. Horton*, 132 N.C. App. 347, 513 S.E.2d 331 (1999) and by N.C. Gen. Stat. § 1A-1, Rule 52(a)(2); (II) the trial court's findings of fact were not supported by competent evidence; and (III) the trial court abused its discretion in failing to award attorney's fees. This Court overruled plaintiff's contention that the trial court's findings of fact were not supported by competent evidence, but we reversed and remanded after we determined the trial court failed to make sufficient findings for appellate review, specifically whether the "judgment finally obtained" was more favorable than offers of judgment made pursuant to Rule 68. The Court did not address plaintiff's third assignment of error.

On remand, plaintiff again requested the trial court make specific findings of fact and conclusions of law with respect to its ruling. On 5 March 2003, the trial court again denied plaintiff's motion for attorney's fees. It is from this order that plaintiff appeals.

————————————

The issues presented on appeal are whether (I) the trial court violated Rule 52(a)(2) by failing to make appropriate findings requested by plaintiff; (II) the trial court's findings were erroneous and unsupported by the record; (III) the trial court made sufficient findings as required by *Washington*; and (IV) the trial court abused its discretion in denying plaintiff's motion for attorney's fees.

**[1]** Plaintiff first argues that the trial court violated Rule 52(a)(2) by failing to make the appropriate findings of fact as plaintiff requested. Plaintiff also argues that the trial court failed to make sufficient findings as required by *Washington*. Because of the inherent similarities in the two arguments, we will consider them jointly.

As a general rule, attorney's fees are not recoverable as a part of court costs by the successful party at trial. *Washington*, 132 N.C. App. at 349, 513 S.E.2d at 333. However, attorney's fees are recoverable under N.C. Gen. Stat. § 6-21.1 (2003), which provides:

> In any personal injury or property damage suit, . . . instituted in a court of record, where the judgment for recovery of damages is ten thousand dollars ($10,000) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fee to be taxed as part of the court costs.

In *Washington*, we listed several factors the trial court must examine when determining whether to award attorney's fees. We required that the trial court:

> Consider the entire record in properly exercising its discretion, including but not limited to the following factors: (1) settlement offers made prior to the institution of the action . . . (2) offers of judgment pursuant to Rule 68, and whether the "judgment finally obtained" was more favorable than such offers . . . (3) whether defendant unjustly exercised "superior bargaining power" . . . (4) in the case of an unwarranted refusal by an insurance company, the "context in which the dispute arose" . . . (5) the timing of set-

tlement offers . . . (6) the amounts of the settlement offers as compared to the jury verdict; and the whole record[.]

*Washington*, 132 N.C. App. at 351, 513 S.E.2d at 334-35 (citations omitted).

Findings of fact made pursuant to a Rule 52(a)(2) motion need only be sufficiently detailed to allow for meaningful appellate review. *Andrews v. Peters*, 75 N.C. App. 252, 258, 330 S.E.2d 638, 642 (1985), *aff'd*, 318 N.C. 133, 347 S.E.2d 409 (1986). Thus, when we examine a trial court's decision concerning whether to award attorney's fees, we require more than "[m]ere recitation by the trial court that it has considered all *Washington* factors." *Thorpe v. Perry-Riddick*, 144 N.C. App. 567, 572, 551 S.E.2d 852, 857 (2001). However, the trial court is not required to make detailed findings of fact as to each factor. *Tew v. West*, 143 N.C. App. 534, 537, 546 S.E.2d 183, 185 (2001). Instead, the trial court is required only to make the additional findings necessary to preserve its ruling on appeal. *Thorpe*, 144 N.C. App. at 573, 551 S.E.2d at 857.

In *House I*, we held that the trial court made sufficient findings for all but the second of the six factors enumerated in *Washington*. We determined that because the trial court failed to properly assess the second *Washington* factor, the trial court also failed to make sufficient findings pursuant to Rule 52. Therefore, on remand we mandated that the trial court make "additional findings showing that [it] properly utilized the 'judgment finally obtained' in consideration of the second *Washington* factor and in its determination as to whether to award attorney's fees." Thus, if the trial court utilized the "judgment finally obtained" in its consideration of the second *Washington* factor on remand, then not only will the trial court have made sufficient findings as required by *Washington*, it will also have made sufficient findings pursuant to Rule 52.

On remand, the trial court made the following findings with respect to the second *Washington* factor:

5. In response to plaintiffs' demands, the defendant served a lump sum offer of judgment to Brenda House in the amount of $1,264.00 on July 24, 2000.

. . . .

10. This Court determined that the plaintiff was entitled to recover costs from the defendant of $1,692.00, which resulted in plaintiff's final judgment against defendant being $4,040.00. The

"judgment finally obtained" was therefore greater than the Offer of Judgment.

11. The final judgment for the plaintiff was $2,500 less than the plaintiff had originally asked for in medical damages and $2,300 more than defendant's last offer.

It is clear from these findings that the trial court did not merely recite that it had considered the second *Washington* factor in making its decision. Instead, the trial court made additional findings of fact that reflect that the trial court weighed the "judgment finally obtained" and the Offer of Judgment when it made its decision not to award attorney's fees. These findings allow meaningful appellate review of the decision. Therefore, we hold that the trial court considered the second *Washington* factor in its decision not to award attorney's fees, and that its findings are sufficient under the requirements of both *Washington* and Rule 52.

[2] Plaintiff next argues that the trial court's findings of fact were unsupported by the record. We disagree.

As discussed above, in *House I* we held that the trial court made sufficient findings for all but the second of the six factors enumerated in *Washington.* We therefore remanded the case and instructed the trial court to assess the second *Washington* factor properly by examining whether the "judgment finally obtained" was larger than the Offer of Judgment filed pursuant to Rule 68. However, before remanding the case, we concluded that "the trial court [had] properly considered the entire record in determining whether to award an attorney fee." In support of this conclusion, we cited to the trial court's 2 January 2001 order, which stated that prior to making its decision, the trial court had "reviewed the court file, heard arguments from counsel, [reviewed] the Affidavit of L. Lamar Armstrong, Jr., and . . . received, reviewed, and considered relevant case law, including [*Washington*]." Thus, because we determined *supra* that the trial court assessed the second *Washington* factor properly on remand, we necessarily now hold that its findings are supported by the entire record.

[3] Plaintiff further asserts that the trial court made erroneous findings in its review. We disagree.

Despite our instructions to focus its review solely on the second *Washington* factor, the trial court made numerous other findings of

fact. Only numbers 5, 10, and 11 concern either the "judgment finally obtained" or the Offer of Judgment. Plaintiff submits that finding of fact number 10 is erroneous because the trial court incorrectly found that the "judgment finally obtained" was $4,040 rather than $4,340. According to plaintiff, the trial court failed to take into account the eight-percent interest added to the jury verdict pursuant to N.C. Gen. Stat. § 24-1. However, we are not convinced that the trial court found that $4,040 was the "judgment finally obtained" by plaintiff. As detailed above, in the second sentence of finding of fact number 10, the trial court put the term "judgment finally obtained" in quotation marks. This was presumably done to distinguish the term "judgment finally obtained" from the "final judgment against defendant" that the trial court referenced without quotation marks in its previous sentence. Furthermore, we fail to see how a $300 increase in the "judgment finally obtained" would have influenced the trial court's ultimate finding that the "judgment finally obtained" was greater than the Offer of Judgment. Therefore, we hold that the trial court did not err in making its findings on remand.

**[4]** Plaintiff next argues that the trial court abused its discretion in denying plaintiff's motion for attorney's fees. We disagree.

The decision to award attorney's fees pursuant to N.C. Gen. Stat § 6-21.1 is discretionary. *Washington*, 132 N.C. App. at 351, 513 S.E.2d at 334. However, the trial court's discretion is not "unbridled." *Id.* If the trial court is shown to have abused its discretion, its decision will be overturned. *Whitfield v. Nationwide Mutual Ins. Co.*, 86 N.C. App. 466, 469, 358 S.E.2d 92, 94 (1987); *Hillman v. United States Liability Ins. Co.*, 59 N.C. App. 145, 156, 296 S.E.2d 302, 309 (1982), *disc. review denied*, 307 N.C. 468, 299 S.E.2d 221 (1983). "An abuse of discretion occurs when the trial court's ruling 'is so arbitrary that it could not have been the result of a reasoned decision.'" *Sowell v. Clark*, 151 N.C. App. 723, 727, 567 S.E.2d 200, 202 (2002) (quoting *Chicora Country Club, Inc. v. Town of Erwin*, 128 N.C. App. 101, 109, 493 S.E.2d 797, 802 (1997)). However, when reviewing a decision concerning attorney's fees, we must "also [be] mindful that 'the scope of appellate review . . . is strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law.'" *Robinson v. Shue*, 145 N.C. App. 60, 65, 550 S.E.2d 830, 833 (2001) (quoting *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982)). Therefore, a trial court has properly exer-

cised its discretion unless it either fails to consider both the entire record and all the factors enumerated in *Washington* or its decision is unsupported by the record before it. *Messina v. Bell*, 158 N.C. App. 111, 115, 581 S.E.2d 80, 84 (2003).

With respect to the first *Washington* factor, the trial court found that plaintiff made no attempt prior to the institution of litigation to negotiate a settlement with defendant or his insurance carrier. With respect to the second *Washington* factor, the trial court found that the Offer of Judgment made by defendant was much less than the "judgment finally obtained" by plaintiff. With respect to the third *Washington* factor, the trial court found that defendant did not unjustly exercise "superior bargaining power." The trial court did not need to make a finding with respect to the fourth *Washington* factor because this action was not instituted by an insured or a beneficiary against an insurance company defendant. With respect to *Washington's* fifth and sixth factors, the trial court found that (a) plaintiff notified defendant on 17 July 2000 that the value of plaintiff and House's claim exceeded $75,000 and that plaintiff would try her claim for $6,500 in medical bills; (b) defendant responded with an Offer of Judgment of $1,264 on 24 July 2000, which included attorney's fees; (c) mediation was conducted and ended in an impasse on 20 October 2000, plaintiff's last offer being $4,741 and defendant's last offer being $1,788; and (d) the jury returned a verdict in plaintiff's favor, awarding $2,348 in damages.

Case law suggests that where the trial court makes findings on the entire record, we should defer to the trial court's discretion in determining how much weight to give its findings. *See Olson v. McMillian*, 144 N.C. App. 615, 618-19, 548 S.E.2d 571, 573-74 (2001) (holding that the absence of a finding concerning "superior bargaining power" does not require reversal where the trial court makes adequate findings on the whole record to support its award of attorney's fees); *see also Culler v. Hardy*, 137 N.C. App. 155, 159, 526 S.E.2d 698, 702 (2000) ("timing and amount of settlement offers and the amount of the jury verdict are significant factors for the trial court to consider in determining whether to award attorney's fees.") In the case *sub judice*, we concluded *supra* that the trial court properly considered *Washington's* six enumerated factors in making its decision to deny attorney's fees. Furthermore, based on the law of the case established in *House I*, we also concluded that the trial court properly considered the entire record in making its decision, and that the trial court did not err in making its findings of fact. Accordingly,

we hold that the trial court did not abuse its discretion in denying plaintiff's motion for attorney's fees.

Affirmed.

Judges WYNN and LEVINSON concur.