LUTHER MASON RHUE, Personal Representative of the ESTATE OF BARBARA RHUE, Deceased, Plaintiff v. EVERETT ODELL PACE, Defendant

No. COA03-1031

(Filed 20 July 2004)

**Divorce— equitable distribution—preservation of rights**

The trial court did not err by granting summary judgment in favor of defendant based on its conclusion that plaintiff failed to properly preserve her equitable distribution claim under N.C.G.S. § 50-11(e), because: (1) res judicata did not forbid the trial court from granting summary judgment in favor of plaintiff since denial of a previous motion to dismiss made under N.C.G.S. § 1A-1, Rule 12(b)(6) does not prevent the trial court from granting a subsequent motion for summary judgment, and further, a motion for judgment on the pleadings does not present the same question as that raised by a later motion for summary judgment; (2) the trial court had the proper documents to consider the summary judgment motion based on attached copies of the divorce judgment, the notice of voluntary dismissal, the motion to dismiss all issues except absolute divorce, and the voluntary dismissal without prejudice to support the motion for summary judgment; (3) where, as here, a defendant does not take exception to the three voluntary dismissals filed by a plaintiff, defendant has consented to the voluntary dismissal and the claims are thereby voluntarily dismissed under N.C.G.S. § 1A-1, Rule 41(a)(1)(ii); and (4) plaintiff's claims were voluntarily dismissed pursuant to Rule 41(a)(1) prior to the judgment of absolute divorce, and thus, the equitable distribution claim brought by plaintiff under 00 CVD 311 was not the same claim as that originally brought under 99 CVD 1851 and was instead a new claim forbidden by N.C.G.S. § 50-11(e).

Appeal by plaintiff from order entered 21 November 2002 by Judge Ann McKown in Durham County District Court. Heard in the Court of Appeals 28 April 2004.

*Hollowell, Mitchell, Peacock & Van Hagen, P.A., by Donald R. Van Hagen, for plaintiff-appellant.*

*Browne, Flebotte, Wilson & Horn, P.L.L.C., by Daniel R. Flebotte, for defendant-appellee.*

TIMMONS-GOODSON, Judge.

Luther Mason Rhue, Personal Representative of the Estate of Barbara Rhue ("plaintiff"), appeals the trial court order granting summary judgment in favor of Everett Odell Pace ("defendant"). For the reasons discussed herein, we affirm the trial court order.

The facts and procedural history relevant to the instant appeal are as follows: Plaintiff and defendant were married on 5 September 1966 and permanently separated on 1 April 1998. On 7 May 1998, plaintiff filed a Complaint under Durham County District Court file 98 CVD 1851 ("98 CVD 1851"), seeking, *inter alia*, equitable distribution of marital property. On 4 June 1998, defendant filed an Answer requesting absolute divorce and joining plaintiff's equitable distribution claim.

On 10 May 1999, defendant filed a separate action under Durham County District Court file 99 CVD 2111 ("99 CVD 2111"), asserting a claim for absolute divorce and requesting that the issue of equitable distribution be preserved for later resolution. Plaintiff filed a pro se Answer on 12 July 1999, requesting that the absolute divorce not be granted until the pending motions of 98 CVD 1851 were heard. However, on 9 August 1999, plaintiff filed a pro se Notice of Voluntary Dismissal, thereby dismissing all pending claims under 98 CVD 1851, including specifically "spousal support, alimony issues, equitable distribution and all other issues before the court." On 24 August 1999, plaintiff filed a pro se motion requesting "[t]hat my case under [98 CVD 1851] be reinstated and put on hold," and "[t]hat my case under [99 CVD 2111] be put on hold as well until I receive help from a higher court." However, on 27 August 1999, plaintiff filed a pro se Motion to Dismiss All Issues Before Court Except Absolute Divorce, whereby plaintiff requested that "all issues under [98 CVD 1851] . . . [and] all issues under [99 CVD 2111] with [the] exception of absolute divorce" be dismissed. The motion also asserted "[t]hat I dismiss all issues of equitable distribution under File No. 99 CVD 03439," a file that did not involve either plaintiff or defendant.

On 30 August 1999, the trial court entered an order granting an absolute divorce to the parties and ordering that "the issues concerning [e]quitable [d]istribution are hereby reserved for later resolution in Durham County File Number 98 CVD 01851." On 9 November 1999, plaintiff filed a motion entitled Motion to Judge Orlando Hudson to Request Investigation of Conduct of Court and Attorneys Involved in My Case, whereby she requested, *inter alia*, "[t]hat my spousal sup-

port be reinstated and I receive my half of equitable distribution." A short time later on 9 November 1999, defendant voluntarily dismissed his counterclaims and causes of action under 98 CVD 1851.

On 1 February 2000, plaintiff filed a Complaint under Durham County District Court file 00 CVD 310 ("00 CVD 310"), asserting claims for post-separation support, alimony, equitable distribution, and attorney's fees. On 14 February 2000, defendant filed an Answer and Counterclaim, wherein he moved the trial court to dismiss plaintiff's complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) or enter judgment on the pleadings pursuant to Rule 12(c). On 25 June 2001, plaintiff died, and a consent order was entered to substitute Luther Mason Rhue, executor of plaintiff's estate, as personal representative.

On 25 July 2002, defendant filed a Motion for Summary Judgment, asserting that plaintiff did not have a pending claim for equitable distribution when the parties' absolute divorce was granted, and that therefore plaintiff's claim was barred by N.C. Gen. Stat. § 50-11(e). On 21 November 2002, the trial court dismissed plaintiff's complaint and granted summary judgment in favor of defendant, "on the basis that plaintiff's action was barred by [N.C. Gen. Stat.] § 50-11(e)." The trial court also consolidated 98 CVD 1851 and 00 CVD 311 for appeal on 21 November 2002. On 28 July 2003, the trial court issued an order denying defendant's Motion to Dismiss and Motion for Judgment on the Pleadings, *nunc pro tunc* 6 November 2001. Plaintiff appeals the trial court's 21 November 2002 order.

The only issue on appeal is whether the trial court erred in granting summary judgment in favor of defendant. We hold that the trial court did not err.

Plaintiff argues that *res judicata* forbids the trial court from granting summary judgment in favor of defendant, and that plaintiff's complaint should not have been dismissed pursuant to N.C. Gen. Stat. § 50-11(e) because the complaint asserted a valid claim for equitable distribution. We disagree.

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that any party is entitled to a judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56 (2003). Plaintiff first argues that the trial court was forbidden from granting summary judgment in

favor of defendant by the doctrine of *res judicata*. According to plaintiff, the trial court's denial of defendant's Motion to Dismiss and Motion for Judgment on the Pleadings estopped defendant from bringing the later Motion for Summary Judgment. However, denial of a previous motion to dismiss made under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2003) does not prevent the trial court from granting a subsequent motion for summary judgment. *Barbour v. Little*, 37 N.C. App. 686, 692, 247 S.E.2d 252, 255, *disc. review denied*, 295 N.C. 733, 248 S.E.2d 862 (1978). Furthermore, because "[a] motion for judgment on the pleadings [does] not present the same question as that raised by [a] later motion for summary judgment[,]" denial of a previous motion for judgment on the pleadings made under N.C. Gen. Stat. § 1A-1, Rule 12(c) (2003) does not preclude the trial court from granting a subsequent motion for summary judgment. *Smithwick v. Crutchfield*, 87 N.C. App. 374, 376, 361 S.E.2d 111, 113 (1987).

Nevertheless, plaintiff maintains that the summary judgment standard employed by the trial court was essentially that used in ruling on defendant's 12(b)(6) motion, because both motions referred to and attached the pleadings and rulings from prior actions between the parties, and the summary judgment motion provided no new evidence in support of dismissal. Thus, plaintiff contends, the trial court was without the depositions, interrogatories, and admissions of the parties to consider. However, plaintiff fails to provide any support for her contention that the trial court was required to review depositions, interrogatories, and admissions of the parties in order to grant summary judgment. Furthermore, in the instant case, defendant attached copies of the Divorce Judgment, the Notice of Voluntary Dismissal, the Motion to Dismiss All Issues Except Absolute Divorce, and the Voluntary Dismissal Without Prejudice to support his Motion for Summary Judgment. We conclude these documents were sufficient to support the trial court's order. Therefore, plaintiff's first argument is overruled.

Plaintiff argues in the alternative that summary judgment was improper because her claim for equitable distribution was valid under N.C. Gen. Stat. § 50-11(e) (2003). In support of this argument, plaintiff contends that her previous voluntary dismissals of equitable distribution were invalid, and that her prior assertion of the equitable distribution claim was adequate to preserve the claim after absolute divorce. We disagree.

Defendant asserted two grounds for dismissal of plaintiff's claim in his Motion for Summary Judgment. Defendant first argued

that plaintiff "did not have a claim pending for equitable distribution at the time the divorce was granted to [defendant] and therefore [plaintiff's] equitable distribution action against [defendant] is barred by law pursuant to [N.C. Gen. Stat.] § 50-11(e)." Defendant also argued plaintiff's cause of action was barred by the "two dismissal rule." The trial court agreed with defendant's first argument, dismissing plaintiff's claim and granting summary judgment in favor of defendant "on the basis that Plaintiff's action was barred by [N.C. Gen. Stat.] § 50-11(e)."

N.C. Gen. Stat. § 50-11(e) (2003) provides that a spouse's right to equitable distribution is destroyed upon a judgment of absolute divorce, unless the right was asserted prior to the judgment of absolute divorce. Defendant contends that plaintiff's previous voluntary dismissals of her equitable distribution claim made her instant equitable distribution claim invalid. Plaintiff argues that her previous voluntary dismissals of equitable distribution were invalid, and that therefore the trial court erred in concluding that she had not asserted an equitable distribution claim prior to absolute divorce.

Our Supreme Court has held that where a defendant files a counterclaim arising out of the same transaction as that alleged in a plaintiff's complaint, the plaintiff thereby loses his or her right to take a voluntary dismissal without the defendant's consent. *McCarley v. McCarley*, 289 N.C. 109, 113, 221 S.E.2d 490, 493 (1976). The rationale for this rule was explained as follows:

> [I]t would be manifestly unjust to allow a plaintiff, who comes into court upon solemn allegations which, if true, entitle defendant to some affirmative relief against the plaintiff, to withdraw, *ex parte*, the allegations after defendant has demanded the relief to which they entitle him. Upon demand for such relief defendant's right to have his claim adjudicated in the case "has supervened," and plaintiff thereby loses the right to withdraw allegations upon which defendant's claim is based without defendant's consent. Nowhere, it seems to us, does this rationale apply with more force than where plaintiff seeks divorce upon the ground of one year's separation and defendant in his answer likewise prays for a divorce upon the same ground.

*Id.* (citations omitted). Thus, a defendant's assertion of a counterclaim arising out of the same transaction alleged in plaintiff's complaint deprives plaintiff not only of his or her ability to escape defendant's claim, but also the right to dismiss the underlying claim without

defendant's consent. *Layell v. Baker*, 46 N.C. App. 1, 6-7, 264 S.E.2d 406, 410 (1980).

In the instant case, plaintiff's complaint alleged facts entitling either or both of the parties to an absolute divorce and requested post-separation support, alimony, and equitable distribution. Defendant's Answer admitted some allegations, requested absolute divorce, and prayed for equitable distribution and "such further and other relief as [the trial court] may deem just and proper." This Answer was, in effect, a counterclaim seeking affirmative relief and arising out of the same transactions alleged in the complaint. *See McCarley*, 289 N.C. at 113, 221 S.E.2d at 493 ("Since the complaint alleged facts entitling either or both of the parties to the marriage to an absolute divorce, we hold that defendant's answer admitting these allegations together with his prayer 'that the bonds of matrimony heretofore existing between the plaintiff and defendant be dissolved, and that the parties hereto be granted a divorce from each other' was, in effect, a counterclaim seeking affirmative relief and arising out of the same transactions alleged in the complaint."). Therefore, plaintiff was deprived of her statutory right to take a voluntary dismissal of her equitable distribution claims without defendant's consent. *Gardner v. Gardner*, 48 N.C. App. 38, 44, 269 S.E.2d 630, 633-34 (1980).

Consent to dismissal is generally evidenced "by filing a stipulation of dismissal signed by all parties who have appeared in the action[.]" N.C. Gen. Stat. § 1A-1, Rule 41(a)(1)(ii) (2003). However, our Supreme Court has disfavored strict statutory construction of Rule 41, allowing oral notice of a voluntary dismissal in court to substitute for the written requirements of Rule 41. *See Danielson v. Cummings*, 300 N.C. 175, 179, 265 S.E.2d 161, 163 (1980) (North Carolina tradition equates oral notice in open court with a filed written notice of voluntary dismissal). This Court has stated that "[i]n construing Rule 41 . . . we must give effect to the legislative intent, and avoid constructions which operate to defeat or impair that intent." *Ward v. Taylor*, 68 N.C. App. 74, 79, 314 S.E.2d 814, 819 (1984). According to its Comment, Rule 41 was enacted to protect defendants from abusive use of the voluntary dismissal procedure after "there has been a heavy expenditure of time and effort by the court and other parties." N.C. Gen. Stat. § 1A-1, Rule 41, Comment (2003).

In the instant case, defendant's own voluntary dismissal of "all [d]efendant's counterclaims and causes of action" after judgment

of absolute divorce evidences his true intention with respect to the suit—to obtain an absolute divorce from plaintiff. Defendant specifically requested absolute divorce in a separate complaint under 99 CVD 2111, and dismissed his equitable distribution claims under 99 CVD 1851 shortly after the trial court granted absolute divorce under 99 CVD 2111. At no point prior to the judgment granting absolute divorce did defendant object to or challenge any of plaintiff's voluntary dismissals of the equitable distribution claims. Instead, defendant continued to participate in hearings until his clear purpose of gaining an absolute divorce was met. Thus, defendant's lack of concern with the expenditures of time or money undertaken to effectuate this purpose is evident from the record, as is his acquiescence to plaintiff's voluntary dismissal of the equitable distribution claims. We conclude that "such [in]action speaks 'consent' as clearly as oral notice or written stipulation." *Gilliken v. Pierce*, 98 N.C. App. 484, 488, 391 S.E.2d 198, 200 (1990) (defendant's dismissal of his counterclaim showed "willingness to abandon the time and effort he had expended on his claim, and to forego his right to have his claim adjudicated."). Therefore, we hold that where, as here, a defendant does not take exception to three voluntary dismissals filed by a plaintiff, the defendant has consented to the voluntary dismissal and the claims are thereby voluntarily dismissed pursuant to Rule 41(a)(1)(ii).

Plaintiff also contends that the trial court erred in concluding that she had not preserved her equitable distribution claim prior to entry of absolute divorce. According to plaintiff, even if her claims were voluntarily dismissed, her previous assertions of equitable distribution prior to the divorce were sufficient to preserve her instant claim for equitable distribution after the absolute divorce. We disagree.

Plaintiff clearly asserted her equitable distribution claim prior to the absolute divorce. However, as discussed above, plaintiff then twice voluntarily dismissed her equitable distribution claim before entry of the absolute divorce. This Court has previously held that an alimony claim asserted prior to absolute divorce and then voluntarily dismissed before the entry of absolute divorce is not preserved after the divorce. *Banner v. Banner*, 86 N.C. App. 397, 404, 358 S.E.2d 110, 113, *disc. review denied*, 320 N.C. 790, 361 S.E.2d 70 (1987), *overruled on other grounds by Stachlowski v. Stach*, 328 N.C. 276, 401 S.E.2d 638 (1991). In *Banner*, we stated:

A voluntary dismissal under the current Rules of Civil Procedure is substantially the same as a voluntary nonsuit under the former procedure. "Under the former practice a judgment of voluntary nonsuit terminated the action and no suit was pending thereafter on which the court could make a valid order. . . . We think the same rule applies to an action in which a plaintiff takes a voluntary dismissal under G.S. 1A-1, Rule 41(a)(1)."

*Id.* (citations omitted). Thus, where a party is granted a voluntary dismissal in an original claim, "it [is] as if the suit had never been filed." *Tompkins v. Log Systems, Inc.*, 96 N.C. App. 333, 335, 385 S.E.2d 545, 547 (1989), *disc. review denied*, 326 N.C. 366, 389 S.E.2d 819 (1990). Any refiling of the same claim thereafter begins the case "anew for all purposes." *Id.*; *See* N.C. Gen. Stat. § 1A-1, Rule 41(a) (2003) ("If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a *new* action based on the same claim may be commenced within one year after such dismissal[.]" (emphasis added)).

Chapter 50 of the North Carolina General Statutes provides that an action for equitable distribution must have been brought before entry of absolute divorce, because after the divorce is entered, all rights arising out of the marriage "cease." N.C. Gen. Stat. § 50-11(a) (2003). In *Stegall v. Stegall*, 336 N.C. 473, 479, 444 S.E.2d 177, 181 (1994), our Supreme Court held that "if . . . equitable distribution claims are properly asserted . . . and are not voluntarily dismissed pursuant to Rule 41(a)(1) until after judgment of absolute divorce is entered, a new action based on those claims may be filed within the one-year period provided by the rule." However, in the instant case, plaintiff's claims were voluntarily dismissed pursuant to Rule 41(a)(1) *prior* to judgment of absolute divorce. Thus, the equitable distribution claim brought by plaintiff under 00 CVD 311 was not the same claim as that originally brought under 99 CVD 1851. Instead, plaintiff's equitable distribution claim was a new claim forbidden by N.C. Gen. Stat. § 50-11(e). Therefore, we conclude that the trial court did not err in concluding that plaintiff failed to properly preserve her equitable distribution claim. Accordingly, plaintiff's alternative argument is overruled.

Affirmed.

Judges McGEE and TYSON concur.