BRYANT, Judge.
Danielle Council (plaintiff) appeals from an order filed 24 March 2003 reducing plaintiff's attorney's fees from $23,312.50 to $1,165.00.
On 23 January 1997, plaintiff and Lewis Slack (defendant) were involved in an automobile accident in Orange County, North Carolina. Plaintiff filed a lawsuit on 13 May 1999 against defendant alleging the accident was caused by defendant's negligence and that plaintiff suffered serious personal injury and lost wages as a result. Plaintiff requested $187,000.00 to settle her claim. On 12 April 1999, the parties attempted an unsuccessfulcourt-ordered mediation.
On 22 January 2001, a four-day trial began. The plaintiff was represented by attorneys James E. Rogers and Lydia E. Lavelle in Orange County Superior Court. On 9 February 2001 judgment was entered for the plaintiff in the amount of $1,165.00; motion for attorney's fees and costs was to be heard at a later date.
For the convenience of the parties, venue was transferred from Orange County to Durham County Superior Court. On 9 July 2001, Judge Donald M. Jacobs awarded attorney's fees of $18,462.50 for Rogers, $4,850.00 for Lavelle and $6,981.65 in costs.
On appeal, the North Carolina Court of Appeals held the trial court did not abuse its discretion in awarding attorney fees and costs, but reversed Judge Jacobs' order and remanded the matter back to the trial court for sufficient findings as to whether or not the attorney's fees were reasonable. Council v. Slack, 153 N.C. App. 811, 571 S.E.2d 86 (2002) (unpublished) (hereafter Council I). In particular, the Court of Appeals stated that Judge Jacobs failed to determine (1) the reasonable time and labor for plaintiff's counsel to expend on the case; (2) the level of skill required by this case; (3) the customary fee for similar cases; and (4) the experience of the attorneys.
On 10 March 2003 Judge J.B. Allen, Jr., pursuant to the remand, conducted a hearing in Durham County Superior Court and awarded attorney's fees for plaintiff in the amount of $1,165.00. Plaintiff appeals.
The dispositive issue in this appeal is whether the trial court erred in failing to follow the Court of Appeals mandate in Council I.
In Council I, this Court remanded the case to the trial court to address the reasonableness of the award of attorney's fees based on the following factors:
(1) what was reasonable time and labor for plaintiff's counsel to expend, (2) skill required by this case, (3) the customary fee for similar cases and (4) the experience of the attorneys.
"A decision of this Court on a prior appeal constitutes the law of the case, both in subsequent proceedings in the trial court and on a subsequent appeal." Transportation, Inc. v. Strick Corp., 286 N.C. 235, 239, 210 S.E.2d 181, 183 (1974); see Epps v. Duke, 122 N.C. App. 198, 201, 468 S.E.2d 846, 849 (1996). "[O]ur mandate is binding upon [the trial court] and must be strictly followed without variation or departure. No judgment other than that directed or permitted by the appellate court may be entered." D & W, Inc. v. Charlotte, 268 N.C. 720, 722, 152 S.E.2d 199, 202 (1966). "We have held judgments of Superior [C]ourt which were inconsistent and at variance with, contrary to, and modified, corrected, altered or reversed prior mandates . . . to be unauthorized and void." Lea Co. v. North Carolina Bd. of Transp., 323 N.C. 697, 699, 374 S.E.2d 866, 868 (1989) (quoting Collins v. Simms, 257 N.C. 1, 8, 125 S.E.2d 298, 303 (1962)).
On remand, in addition to restating the findings of fact fromJudge Jacobs' 9 July 2001 order, Judge Allen made the following findings of fact in his order dated 10 March 2003:
The [c]ourt does find that the Court of Appeals indicated that since they were unable to determine if the amount of attorney fees awarded was reasonable, they reversed and remanded for a new hearing to determine the amount of attorney fees that should be awarded to the plaintiff. . . . And the Court will find that based upon what's presented before me the award for attorney fees ordered by Judge Jacobs is not reasonable. . . . The [c]ourt in considering all of this in its discretion, sets a total amount of the verdict, $1,165.00.
A trial court's grant of attorney's fees pursuant to N.C. Gen. Stat. § 6-21.1 "will not be disturbed on appeal absent a showing of an abuse of discretion." Culler v. Hardy, 137 N.C. App. 155, 157, 526 S.E.2d 698, 700 (2000). In Culler, the plaintiff was injured in a car accident and demanded $62,545.00 from the defendant's insurer who declined the offer. The plaintiff rejected the defendant's $1,000.00 pretrial settlement offer and the lowest demand she made was $17,500.00. A jury awarded the plaintiff $1,500.00, and the court granted the plaintiff's motion for $9,050.00 in attorney's fees after a hearing. The defendant's motion to amend the fee order was denied. On appeal, the court vacated the order because the trial court abused its discretion in awarding attorney's [fees] without considering factors such as the timing and amount of any settlement offers, how they compared to the jury verdict, and the bargaining position of the parties. The court remanded to the trial court with instructions to consider the entire record and make additional findings of fact regarding thosefactors.
As in Culler, this Court in Council I reversed the trial court based on its failure to make the appropriate factual findings relative to the following: reasonable amount of time and labor for plaintiff's counsel to expend; the required skill for the case; the customary fee for similar cases; and the experience of the attorneys. Therefore, on remand, the trial court was required to make the necessary findings and thereafter determine a reasonable attorney fee award.
If a court elects to award attorney fees, it must also enter findings to support the amount awarded. To determine if an award of counsel fees is reasonable, the record must contain findings of fact as to the time and labor expended, the skill required, the customary fee for like work, and the experience or ability of the attorney based on competent evidence.
Porterfield v. Goldkuhle, 137 N.C. App. 376, 378, 528 S.E.2d 71, 73 (2000).
Appellee argues that Judge Allen heard evidence regarding the time and labor expended by plaintiff's attorneys. While the record does confirm Judge Allen heard, and perhaps considered such evidence, he failed to follow this Court's mandate in Council I: to make findings that support an award of reasonable attorney's fees. Judge Allen merely restated the findings of fact from Judge Jacobs' order (which Council I deemed insufficient), stated the prior order of Judge Jacobs was unreasonable, and awarded attorney's fees in the amount of $1,165.00, the same amount as the jury verdict, without addressing the four issues regarding reasonableness of attorney's fees as directed by this Court in Council I. Because it was error for the trial court to fail to follow the mandate of Council I, we reverse and remand this matter back to the trial court to determine the following issues from Council I:
(1) what was reasonable time and labor for plaintiff's counsel to expend, (2) skill required by this case, (3) the customary fee for similar cases and (4) the experience of the attorneys.
Reversed and remanded.
Judges ELMORE and GEER concur.
Report pursuant to Rule 30(e).