DONNA PACE, Executrix, of the ESTATE OF IRENE J. STEPHENSON, Plaintiff,
v.
WAKE FOREST BAPTIST CHURCH, Record Title Holder, And TRUSTEES OF THE WAKE FOREST BAPTIST CHURCH, Owners And Trustees of the Cecyl and Irene Stephenson Property, Wake Forest, N.C., Defendants.
No. COA07-755
Court of Appeals of North Carolina.
Filed April 1, 2008
This case not for publication
Boyce & Isley, PLLC, by G. Eugene Boyce, R. Daniel Boyce and Philip R. Isley, for plaintiff-appellant.
Tharrington Smith, L.L.P., by Randall M. Roden, for defendant-appellees.
BRYANT, Judge.
Donna Pace, plaintiff-executrix of Irene J. Stephenson's Estate (Irene), appeals from an order entered 23 March 2007 denying plaintiff's request for summary judgment and granting summary judgment in favor of Wake Forest Baptist Church and Trustees of the Wake Forest Baptist Church (defendants). On cross-appeal, defendants challenge the portion of the order denying their request for attorney's fees. We affirm.

Facts
Irene and Cecyl Stephenson owned sixteen acres of land in Wake Forest. In their joint wills, the couple conveyed the land to defendants with the express wish that the land never be used for commercial purposes. Because the couple owned the property as joint tenants by the entireties, Irene became the fee simple owner of the property upon Cecyl's death. Approximately five years after Cecyl died, Irene was confined to a nursing facility due to age and health related issues. During her time in the nursing home, an application to rezone the property was submitted to the Town of Wake Forest. When the proposed rezoning became public, Tom Jackson of the Wake Forest Baptist Church wrote a letter describing his commitment to honor his promise to Cecyl that the property would never be used for commercial purposes.
In a further attempt to honor Cecyl's request, attorneys for Wake Forest Baptist Church drafted a general warranty deed in favor of the church and had Irene sign the deed. Five months later, in September of 1996, Irene filed a lawsuit against the church alleging, inter alia, undue influence by church officials. However, Irene passed before the case came to trial. Linwood Stephenson, the executor of Irene's estate, continued the lawsuit in her behalf. Summary judgment was entered in favor of the church and the estate appealed. On appeal, this Court reversed and remanded on the issue of undue influence but affirmed summary judgment on the other issues.[1] Stephenson died in the interim and Donna Pace was appointed as successor executrix.
In June of 2002, the issue of undue influence was tried before a jury. The jury concluded that Irene's decision to sign the deed conveying the property to the church was voluntary and was not brought about by undue influence. The estate did not appeal.
On 12 November 2004, the church submitted an application to the Town of Wake Forest for rezoning of the property. Subsequently, Irene's estate was reopened and on 6 September 2005, plaintiff filed an action against defendants for imposition of a constructive trust, permanent injunction, deceptive trade practices, damages, and treble damages. Defendants filed a motion to dismiss on 7 November 2005. Defendants' motion was denied on 7 March 2006 by Judge Robert H. Hobgood. Defendants subsequently filed a motion for summary judgment on 23 February 2007. On 23 March 2007, Judge Paul G. Gessner granted summary judgment in favor of defendants, denied plaintiff's motion for summary judgment, and denied defendants' request for attorney's fees. Plaintiff appeals the trial court's order granting summary judgment in favor of defendants. Defendants cross-appeal the trial court's order denying their request for attorney's fees.
Plaintiff argues the trial court erred by granting summary judgment in favor of defendants because: (I) imposition of a constructive trust was supported by evidence of defendants' promise to Irene and Cecyl; (II) defendants failed to present any evidence denying their promises to Mrs. Stephenson; and (III) summary judgment on the grounds of res judicata was precluded by a prior judge's ruling on the same issue. Defendants argue the trial court erred by denying their request for attorney's fees because plaintiff's claims were frivolous and failed to raise a justiciable issue. For the reasons below, we affirm the order of the trial court.

Standard of Review
"[T]he standard of review on appeal from summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law." Bruce-Terminix Co. v. Zurich Ins. Co., 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). We review the evidence in the light most favorable to the nonmoving party. Id.

I & II
Plaintiff argues the trial court erred by granting summary judgment in favor of defendants and denying her request for imposition of a constructive trust because there was ample evidence of defendants' promise to never use the property for commercial purposes. We disagree.
"[A] constructive trust arises when one obtains the legal title to property in violation of a duty he owes to another. Constructive trusts ordinarily arise from actual or presumptive fraud and usually involve the breach of a confidential relationship." Patterson v. Strickland, 133 N.C. App. 510, 521, 515 S.E.2d 915, 921 (1999) (citation omitted). "Fraud is not automatically presumed by the mere failure, nothing else appearing, to perform an agreement or to carry out a promise[.]" Guy v. Guy, 104 N.C. App. 753, 757, 411 S.E.2d 403, 405 (1991) (citation omitted). However, "a breach of agreement or promise may in connection with other circumstances give rise to such a trust." Security Nat. Bank of Greensboro v. Educators Mut. Life Ins. Co., 265 N.C. 86, 94-95, 143 S.E.2d 270, 276 (1965). "To establish fraud the false representation must be of some material fact that is past or existing." Ferguson v. Ferguson, 55 N.C. App. 341, 345, 285 S.E.2d 288, 291 (1982).
Plaintiff's basic argument is that defendants obtained the property through fraud. More specifically, plaintiff alleges defendants obtained the property by promising Irene and Cecyl that the property would not be used for commercial purposes and because defendants actions indicate that they do not intend to abide by that promise, a constructive trust should be imposed to protect Irene and Cecyl's interests. Ultimately, the question in this case becomes whether there was any genuine issue of material fact regarding whether defendants obtained the property by fraud. We hold that there is not. See Guy, 104 N.C. App. at 757, 411 S.E.2d at 406.
In order to survive a motion for summary judgment on a claim for imposition of a constructive trust, the "plaintiff must allege a false promise by the grantee made prior to the legal conveyance which caused the plaintiff-grantor to convey the land." Id. at 758, 411 S.E.2d at 406. In this case, no genuine issue of material fact existed regarding a false promise made by the church which caused Irene to convey the land to the church because issues regarding the form and content of the deed as well as the circumstances under which the church obtained title to the property were litigated and determined in the previous action. Collateral estoppel bars any attempt by plaintiff to relitigate the same issues under an entirely different claim. Youse v. Duke Energy Corp., 171 N.C. App. 187, 192, 614 S.E.2d 396, 401 (2005). This assignment of error is overruled.

III
Plaintiff argues the trial court erred by granting summary judgment in favor of defendants on the grounds of res judicata because another superior court judge previously denied defendants' motion to dismiss on the same grounds. However, "denial of a previous motion to dismiss made under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6)[2007] does not prevent the trial court from granting a subsequent motion for summary judgment." Rhue v. Pace, 165 N.C. App. 423, 426, 598 S.E.2d 662, 664-65 (2004). Although one superior court judge may not overrule another, motions to dismiss and motions for summary judgment "do not present the same question." Barbour v. Little, 37 N.C. App. 686, 692, 247 S.E.2d 252, 255 (1978). This assignment of error is overruled.

Defendants' Appeal
Defendants argue the trial court erred by denying their request for attorney's fees under N.C. Gen. Stat. § 6-21.5 and N.C. Gen. Stat. § 75-16.1 because plaintiff's claims were frivolous, raised no justiciable issue, and were barred by res judicata. We disagree.
"The decision to award attorney's fees pursuant to N.C. Gen. Stat § 6-21.1 is discretionary." House v. Stone, 163 N.C. App. 520, 525, 594 S.E.2d 130, 134 (2004). "If the trial court is shown to have abused its discretion, its decision will be overturned." Id. "An abuse of discretion occurs when the trial court's ruling is so arbitrary that it could not have been the result of a reasoned decision." Sowell v. Clark, 151 N.C. App. 723, 727, 567 S.E.2d 200, 202 (2002) (citation omitted). "[T]he scope of appellate review is strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." House, 163 N.C. App. at 525, 594 S.E.2d at 134 (internal quotations omitted) (citation omitted).
North Carolina General Statute Section 6-21.5 (2007) provides:
In any civil action, special proceeding, or estate or trust proceeding, the court, upon motion of the prevailing party, may award a reasonable attorney's fee to the prevailing party if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading. The filing of a general denial or the granting of any preliminary motion, such as . . . a motion for summary judgment pursuant to G.S. 1A-1, Rule 56 is not in itself a sufficient reason for the court to award attorney's fees, but may be evidence to support the court's decision to make such an award. . . . The court shall make findings of fact and conclusions of law to support its award of attorney's fees under this section.
N.C.G.S. § 6-21.5. Here, the trial court, in its discretion, determined that plaintiff's claims were not frivolous or malicious and declined to award attorney's fees to defendants. The trial court did not abuse its discretion when it denied defendants' request. Additionally, the trial court specifically found that defendants failed to meet the burden under N.C. Gen. Stat. § 75-16.1 (2007) of showing that plaintiff's claims were frivolous or malicious in order to receive attorney's fees. Accordingly, this assignment of error is overruled.
Affirmed.
Judges HUNTER and ELMORE concur.
Report per Rule 30(e).
NOTES
[1] Stephenson v. Warren, 136 N.C. App. 768, 525 S.E.2d 809, rev. denied, 351 N.C. 646, 543 S.E.2d 883 (2000).