REGINALD L. THORPE, Plaintiff-Appellee v. ELOISE PERRY-RIDDICK, Administratrix of the Estate of Clyde Riddick, Deceased, Defendant-Appellant

No. COA00-1289

(Filed 3 July 2001)

**1. Costs— attorney fees—reasonable value of services**

The trial court did not abuse its discretion in a negligence action arising out of an automobile accident by awarding attorney fees to plaintiff under N.C.G.S. § 6-21.1, because the trial court made adequate findings of fact to support its conclusion that the reasonable value of services rendered by plaintiff's attorney was $4,880.00.

**2. Costs— attorney fees—offer of judgment—judgment finally obtained**

The trial court did not err in a negligence action arising out of an automobile accident by awarding plaintiff costs and attorney fees under N.C.G.S. § 6-21.1 and N.C.G.S. § 1A-1, Rule 68 based on the conclusion that the judgment finally obtained exceeded the offer of judgment of $4,801.00, because: (1) the judgment finally obtained includes the jury's verdict, along with any applicable adjustments including pre-offer costs and costs incurred after the offer of judgment but prior to the entry of judgment by the trial court; and (2) plaintiff was awarded $1,134.30 in costs plus $4,880.00 in attorney fees in addition to the $4,500.00 awarded by the jury verdict, bringing the total for the judgment finally obtained to $10,514.30.

Appeal by defendant from judgment entered 18 September 2000 by Judge Alice C. Stubbs in Wake County District Court. Heard in the Court of Appeals 6 June 2001.

*Jones, Martin, Parris and Tessener, L.L.P., by Sean A.B. Cole, for plaintiff appellee.*

*Smith Law Offices, P.C., by Christopher N. Heiskell, for defendant appellant.*

McCULLOUGH, Judge.

During the early morning hours of 23 May 1999, a northbound 1990 Cadillac driven by Clyde Riddick (defendant) collided with an eastbound 1993 Plymouth operated by Reginald Thorpe (plaintiff) at

a rural intersection in Johnston County, North Carolina. Following the accident plaintiff sought medical treatment for soft-tissue injuries he suffered as a result of defendant's negligence.

After eleven days of correspondence with defendant's insurance carrier, Allstate, plaintiff filed a complaint in the District Court Division of Wake County on 28 June 1999. In his complaint, plaintiff claimed defendant negligently operated his vehicle by failing to stop at the intersection and defendant's negligence proximately caused the accident which led to plaintiff's injuries, pain and suffering, lost wages, and medical expenses. Defendant answered with a defense of contributory negligence and plaintiff invoked the doctrine of last clear chance. Defendant supplemented his answer with a request that plaintiff provide a written statement of the amount of monetary relief sought. Plaintiff responded that a specific dollar amount of relief sought could not yet be determined. Plaintiff agreed to amend his response as soon as practical, but warned defendant the amount of relief sought could change depending on plaintiff's medical bills, lost wages, pain and suffering, and the permanency of his injuries.

On 1 December 1999, after the parties completed written discovery, defendant submitted an offer to settle in the amount of $4,800.00 to plaintiff's attorney. Plaintiff rejected that offer and made a counteroffer of $7,000.00 which was rejected by defendant. On 2 December 1999 defendant served plaintiff with a lump sum offer of judgment in the amount of $4,801.00, which plaintiff subsequently rejected.

Clyde Riddick died while the action was pending, and Eloise Perry-Riddick, his wife, was substituted as defendant in her capacity as administratrix of his estate. During the final pretrial conference, both parties contended the single contested issue to be tried by the jury regarded plaintiff's damages and told the court there had been full and frank discussion of settlement possibilities. Defendant never withdrew the defense of contributory negligence, but stipulated to liability at trial. On 22 August 2000, the jury returned a verdict for plaintiff in the amount of $4,500.00. Following entry of the jury verdict, counsel for plaintiff moved for attorney fees to compensate for 63 hours of time in rendering legal services to plaintiff at a rate of $122.00 per hour pursuant to N.C. Gen. Stat. § 6-21.1, and for costs totaling $1,207.95 pursuant to N.C. Gen. Stat. § 7A-305. In its order awarding attorney fees and costs, the trial court made the following findings of fact:

**THORPE v. PERRY-RIDDICK**

[144 N.C. App. 567 (2001)]

1. This is a personal injury action arising out of an automobile collision on May 23, 1999. The Complaint was filed by the Plaintiff on June 28, 1999.

2. On December 2, 1999, Defendant filed a Lump Sum Offer of Judgment of Four Thousand Eight Hundred One and No/100 Dollars ($4801.00) which included "all damages, attorney's fees taxable as costs, interest and the remaining costs accrued at the time" the offer was served.

3. On August 22, 2000, a jury returned a verdict for the Plaintiff in the amount of Four Thousand Five Hundred and No/100 Dollars ($4,500.00).

4. The judgment finally obtained exceeded Defendant's Offer of Judgment.

5. Costs to which Plaintiff is entitled to recover, exclusive of attorney fees under N.C.G.S. § 6-21.1, total $4,880.00.

6. Plaintiff Reginald Thorpe's recovery is less than $10,000, and the Court, in its discretion, finds that a reasonable attorney fee should be allowed and taxed as part of court costs.

7. Plaintiff Reginald Thorpe was represented by R.L. Pressley, attorney at law. Mr. Pressley provided legal services to the Plaintiff which consisted of drafting, filing, and handling pleadings; taking and defending depositions, conducting discovery; conferring with opposing counsel, the Judge, and the Clerk of Court; preparing for and attending trial and post trial motions. As counsel for Plaintiff Reginald Thorpe, Mr. Pressley expended at least 63 hours of time in rendering legal services to the Plaintiff. The customary charge for attorneys in this area with his level of experience is $122.00 dollars per hour.

8. The Court, in its discretion, and upon considering the *Washington v. Horton,* 132 N.C. App. 347, 513 S.E.2d 331 factors, awards attorney's fees totaling $4,880.00 to Plaintiff Reginald Thorpe.

The trial court made the following conclusions of law:

1. Based on the foregoing Finding of Fact, the Court concludes, as a matter of law and in its discretion, that the reasonable

value of services rendered by the Plaintiff's attorney in this matter was $4,880.00 and that those attorney fees should be taxed as costs to the Defendant pursuant to N.C.G.S. § 6-21.1.

2.  Plaintiff is also entitled to costs of $1,134.30 in the Court's discretion and/or pursuant to N.C.G.S. § 7A-305.

Based on these findings of fact and conclusions of law, on 14 September 2000, the trial court entered an order awarding plaintiff attorney fees in the amount of $4,880.00 and costs in the amount of $1,134.30, in addition to the $4,500.00 jury verdict, as a matter of law. Defendant appealed.

Defendant makes seven assignments of error challenging the trial court's findings of fact and conclusions of law. All assignments of error are connected to a single dispositive issue; whether the trial court made sufficient findings of fact from the evidence and the entire record of the case to support its award of attorney fees and costs to plaintiff. For the reasons set forth, we hold the trial court properly awarded attorney fees and costs.

[1] Defendant first argues the trial court abused its discretion by failing to make sufficient findings of fact to support its award of attorney fees to plaintiff. North Carolina case law " 'is clear that to overturn the trial judge's determination, the defendant must show an abuse of discretion.' " *Blackmon v. Bumgardner*, 135 N.C. App. 125, 130, 519 S.E.2d 335, 338 (1999) (quoting *Hillman v. United States Liability Ins. Co.*, 59 N.C. App. 145, 155, 296 S.E.2d 302, 309 (1982), *disc. review denied*, 307 N.C. 468, 299 S.E.2d 221 (1983)). Abuse of discretion results where the court's ruling " ' "is manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision." ' " *Id.* "The scope of appellate review . . . is strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). Without a showing of abuse of the trial judge's discretion, the trial judge's determination to award counsel fees will not be overturned. *Whitfield v. Nationwide Mutual Ins. Co.*, 86 N.C. App. 466, 469, 358 S.E.2d 92, 94 (1987).

"As a general rule, in the absence of some contractual obligation or statutory authority, attorney fees may not be recovered by the successful litigant as damages or a part of the court costs." *Washington*

*v. Horton,* 132 N.C. App. 347, 349, 513 S.E.2d. 331, 333 (1999). N.C. Gen. Stat. § 6-21.1 (1999) provides:

> In any personal injury or property damage suit, or suit against an insurance company under a policy issued by the defendant insurance company and in which the insured or beneficiary is the plaintiff, upon a finding by the court that there was an unwarranted refusal by the defendant insurance company to pay the claim which constitutes the basis of such suit, instituted in a court of record, where the judgment for recovery of damages is ten thousand dollars ($10,000) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fee to be taxed as a part of the court costs.

This section creates an exception to the general rule that attorney fees are not allowable as part of the costs in civil actions. *Hill v. Jones,* 26 N.C. App. 168, 169, 215 S.E.2d 168, 169, *cert. denied,* 288 N.C. 240, 217 S.E.2d 664 (1975). The obvious purpose of N.C. Gen. Stat. § 6-21.1 is to provide relief for a person who sustained injury or property damage in an amount so small that, if he must pay counsel from his recovery, it is not economically feasible to bring suit on his claim. *Hicks v. Albertson,* 284 N.C. 236, 239, 200 S.E.2d 40, 42 (1973). "This [remedial] statute . . . should be construed liberally to accomplish the purpose of the Legislature and to bring within it all cases falling within its intended scope." *Id.* at 239, 200 S.E.2d at 42.

" 'Statutory interpretation properly begins with an examination of the plain words of the statute.' " *West v. Tilley,* 120 N.C. App. 145, 149, 461 S.E.2d 1, 3 (1995) (quoting *Correll v. Division of Social Services,* 332 N.C. 141, 144, 418 S.E.2d 232, 235 (1992)). Allowance of attorney fees under N.C. Gen. Stat. § 6-21.1 is, by the express language of the statute, in the discretion of the presiding judge. *Hillman,* 59 N.C. App. at 155, 296 S.E.2d at 309. However, the wording of N.C. Gen. Stat. § 6-21.1 contemplates some type of inquiry by the presiding judge before the court may exercise its discretion in awarding a fee to plaintiff's counsel. *Id.* at 154, 296 S.E.2d at 308.

Defendant is correct in arguing that a trial court's discretion under N.C. Gen. Stat. § 6-21.1 is not unbridled. In *Washington,* this Court stated

> the trial court is to consider the entire record in properly exercising its discretion, including, but not limited to the following

THORPE v. PERRY-RIDDICK

[144 N.C. App. 567 (2001)]

factors: (1) settlement offers made prior to the institution of the action . . . (2) offers of judgment pursuant to Rule 68, and whether the "judgment finally obtained" was more favorable than such offers; (3) whether defendant unjustly exercised "superior bargaining power"; (4) in the case of an unwarranted refusal by an insurance company, the "context in which the dispute arose[;]" (5) the timing of settlement offers; (6) the amounts of the settlement offers as compared to the jury verdict; and the whole record.

132 N.C. App. at 351, 513 S.E.2d at 334-35 (citations omitted). If the trial court elects to award attorney fees, it must also enter findings of fact as to the time and labor expended, skill required, customary fee for like work, and experience or ability of the attorney based on competent evidence. *Porterfield v. Goldkuhle*, 137 N.C. App. 376, 378, 528 S.E.2d 71, 73 (2000).

Defendant argues the trial court made incomplete and inadequate findings of fact with respect to *Washington* factors five and six. We disagree. In the instant case, the trial court made a total of eight findings of fact to support its award of attorney fees to plaintiff. The timing and amount of settlement offers and the amount of the jury verdict are significant factors for the trial court to consider in determining whether to award attorney fees. *Culler v. Hardy*, 137 N.C. App. 155, 159, 526 S.E.2d 698, 702 (2000). However, the trial court is not required to make detailed findings for each factor. *Tew v. West*, 143 N.C. App. 534, 546 S.E.2d 183 (2001). As to factor five, the trial court found that on 2 December 1999, defendant filed a lump sum offer of judgment of $4,801.00 which included all damages, attorney fees taxable as costs, interest and the remaining costs accrued at the time the offer was served. As to factor six, the trial court found that on 22 August 2000, a jury returned a verdict for plaintiff in the amount of $4,500.00, and the judgment finally obtained exceeded defendant's offer of judgment. As to the final award of attorney fees taxed against defendant, the trial court made adequate findings of fact to support its conclusion that the reasonable value of services rendered by plaintiff's attorney was $4,880.00.

Defendant also argues the statement by the trial court verifying it considered all *Washington* factors is not a finding of fact which would allow meaningful appellate review of the trial court's exercise of discretion in this case. We disagree. Mere recitation by the trial court that it has considered all *Washington* factors without additional findings of fact would be inadequate and would not allow for

meaningful appellate review. The fact that the trial court in the instant case made additional findings of fact preserves its ruling on appeal. To support its award of attorney fees to plaintiff, the trial court made eight findings of fact. The trial court listed only those facts matching those *Washington* factors apposite to the instant case. Factor one is immaterial to the instant case because neither party made any settlement offers prior to the institution of the action. Factor three is irrelevant to the instant case because in consideration of *Washington* factors, the trial court did not mention that defendant may have unjustly exercised superior bargaining power. *See also Tew*, 143 N.C. App. at 537, 546 S.E.2d at 185. Factor four is inapplicable to the instant case. The trial court is not required to make an unwarranted refusal finding to award attorney fees in an automobile accident case, since such finding is only required in suits brought by an insured or a beneficiary against an insurance company defendant. *Washington*, 132 N.C. App. at 350, 513 S.E.2d at 334.

**[2]** Defendant next argues that the trial court erred in concluding the judgment finally obtained exceeded the offer of judgment. We disagree. Under the North Carolina Rules of Civil Procedure,

> [a]t any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer . . . . If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

N.C. Gen. Stat. § 1A-1, Rule 68 (1999). "[W]ithin the confines of Rule 68, 'judgment finally obtained' means the amount ultimately entered as representing the final judgment, i.e., the jury's verdict as modified by *any applicable adjustments*, by the respective court in the particular controversy, not simply the amount of the jury's verdict." *Poole v. Miller*, 342 N.C. 349, 353, 464 S.E.2d 409, 411 (1995), *reh'gs denied*, 342 N.C. 666, 467 S.E.2d 722 (1996) (emphasis added). In *Roberts v. Swain*, 353 N.C. 246, 538 S.E.2d 566 (2000), the North Carolina Supreme Court held that in calculating the judgment finally obtained, any applicable adjustments to a jury's verdict include not only pre-offer costs, but also costs incurred after the offer of judgment but prior to the entry of judgment by the trial court. In the instant case, costs include reasonable attorney fees. *See also Tew*, 143 N.C. App. at 538, 546 S.E.2d at 186.

Here, defendant made an original settlement offer in the amount of $4,800.00. The next day, defendant increased his previous settlement offer by only one dollar in the form of a lump sum offer of judgment in the amount of $4,801.00. Prior to entry of final judgment, plaintiff submitted costs totaling $1,207.00 and 63 hours of time for legal services at a rate of $122.00 per hour for a total of $7,686.00 in attorney fees. The trial court significantly reduced these amounts in its order dated 15 September 2000, and awarded plaintiff $1,134.30 in costs plus $4,880.00 in attorney fees. Even without including plaintiff's attorney fees in the judgment finally obtained, defendant's offer of judgment was clearly less favorable than the final judgment awarded to plaintiff. Proper inclusion of attorney fees into plaintiff's final judgment only increases the disparity between defendant's offer of judgment ($4,801.00) and plaintiff's judgment finally obtained ($1,134.30 + $4,880.00 + $4,500.00 = $10,514.30).

The trial court did not err in concluding that the judgment finally obtained by plaintiff was greater than the amount offered by defendant. We agree with the trial court that plaintiff's costs and attorney fees should be taxed against defendant pursuant to N.C. Gen. Stat. § 6-21.1 and Rule 68.

For the foregoing reasons, we reject defendant's assignments of error and affirm the judgment of the trial court.

Affirmed.

Judges WALKER and THOMAS concur.