BRENDA MACON PHILLIPS, Plaintiff v. JESSE CORNELIEUS BRACKETT, Defendant

BRENDA PHILLIPS, Plaintiff v. JESSE CORNELIEUS BRACKETT, Defendant

No. COA02-385

(Filed 4 February 2003)

**1. Costs— attorney fees—personal injury action—judgment amount controls**

The trial court did not err by awarding attorney fees in a personal injury action where the plaintiff initially demanded $38,750 in compensation, but the judgment was for $3,829 in damages and was thus within the range that invokes N.C.G.S. § 6-21.1.

**2. Appeal and Error— preservation of issues—failure to object at trial**

Defendant did not object at trial and did not preserve for appeal its contention that a ruling on plaintiff's motion for attorney fees was an improper advisory opinion because that ruling came before a ruling on plaintiff's prior motion for a new trial.

**3. Costs— attorney fees—personal injury action—findings**

Any error in the trial court's reliance on affidavits concerning defendant-insurer's claims practices when awarding attorney fees for plaintiff was harmless because the findings on the remaining factors from *Washington v. Horton* were satisfactory.

**4. Costs— attorney fees—personal injury claim—lack of settlement offers**

The trial court did not abuse its discretion in a personal injury action by awarding plaintiff attorney fees based in part on lack of settlement offers, even though plaintiff had not provided documentation for her lost wage claim, because there were no offers for the claims for which defendant received timely support.

**5. Costs—attorney fees—findings—time and labor**

The trial court's findings concerning the time and labor expended by plaintiff's counsel in a personal injury action were sufficient to support the award of attorney fees where the findings reflected the tasks performed and the hours spent. The court was not obligated to break down the number of hours allocated to each activity.

## PHILLIPS v. BRACKETT

[156 N.C. App. 76 (2003)]

Appeal by defendant from judgment filed 24 August 2001 and order filed 24 August 2001 by Judge A. Moses Massey in Guilford County Superior Court. Heard in the Court of Appeals 7 January 2003.

*Carruthers & Roth, P.A., by Kenneth R. Keller and J. Patrick Haywood, for plaintiff appellee.*

*Teague, Rotenstreich & Stanaland, L.L.P., by Stephen G. Teague, for defendant appellant.*

BRYANT, Judge.

Jesse Cornelieus Brackett (Defendant) appeals a judgment filed 24 August 2001 awarding Brenda Macon Phillips (Plaintiff) damages and attorney's fees and a concurrent order denying Defendant's motions for relief from order and for reconsideration. We affirm.

On 3 March 2000, Plaintiff filed a complaint seeking "an amount in excess of $10,000" in damages for Defendant's negligent driving resulting in a collision with Plaintiff's vehicle. In his answer filed 3 April 2000, Defendant admitted negligence but denied Plaintiff's allegations of injuries, medical expenses, and lost income. Following trial, the jury entered a verdict for Plaintiff in the amount of $3,829.98 as compensation for her personal injuries. Plaintiff moved for a new trial. Before the trial court ruled on the motion, Plaintiff suggested the trial court first hear her motion for attorney's fees as this might alleviate the need to move for a new trial. The trial court inquired whether Defendant had any objection to this, and Defendant answered he did not. In support of her motion for attorney's fees, Plaintiff submitted affidavits from her counsel and other attorneys familiar with Defendant's insurer. The affidavits outlined the work performed by Plaintiff's counsel, the hours expended, and his customary rate. They also described: (1) the actions and posture of Defendant's insurer and counsel in this case, (2) Defendant's insurer's general claims practices, (3) observations associated with Defendant's insurer with respect to other claims, including its tendency to litigate small claims to the appellate stage, and (4) web sites dedicated to alleged abuses by Defendant's insurer.

In a judgment filed 24 August 2001, the trial court found in pertinent part:

1. This is a personal injury action arising out of a vehicular collision in which . . . Defendant admittedly failed to reduce the speed

of his vehicle to the extent necessary to avoid contact with the rear of the vehicle being operated by . . . Plaintiff while Plaintiff's vehicle was stopped pursuant to a duly erected traffic control signal at an intersection on March 30, 1998.

2. [Plaintiff] . . . and her husband . . . have been clients of the firm of Carruthers & Roth, P.A. for many years.

. . . .

4. [Plaintiff's counsel] first met with [Plaintiff] on April 28, 1998 in connection with her claims arising out of the collision.

5. After meeting with [Plaintiff], Carruthers & Roth, P.A. obtained copies of medical records on [Plaintiff] from all treating medical providers . . . .

. . . .

7. After obtaining medical records and bills, [Plaintiff's counsel] prepared a demand letter summarizing the liability and damages information on [Plaintiff] and forwarded this letter on August 11, 1999 to [Defendant's insurer].

8. The initial demand letter submitted on behalf of [Plaintiff] was $38,750.00.

9. On October 28, 1999, in response to requests from [Defendant's insurer], [Plaintiff's counsel] forwarded . . . copies of W-2 forms for [Plaintiff] for 1996, 1997 and 1998, and requested an offer from [Defendant's insurer] in settlement of [Plaintiff's] claim.

10. Plaintiff received no offer from [Defendant's insurer] on [her] claim and filed suit in Guilford County Superior Court on March 3, 2000.

11. During the course of handling this case, Carruthers & Roth responded to various discovery requests from [Defendant's insurer] and, on February 20, 2001, defended the depositions of [Plaintiff] and her husband . . . taken by counsel retained by [Defendant's insurer] to represent . . . Defendant.

. . . .

13. Mediation of this matter was held on April 5, 2001.

PHILLIPS v. BRACKETT

[156 N.C. App. 76 (2003)]

14. During the period of approximately three years prior to the mediation on April 5, 2001, neither [Defendant's insurer] nor counsel retained by [Defendant's insurer] made any offers of settlement on [Plaintiff's] claim, despite admitting that [Defendant] was negligent.

15. During mediation . . . [Defendant's insurer's] adjuster and counsel retained by [Defendant's insurer] communicated, for the first time, an offer of $6,000.00 to settle [Plaintiff's] claim. Counsel for [Plaintiff] understood that the offer was non-negotiable.

16. On April 5, 2001, counsel retained by [Defendant's insurer] to defend . . . Defendant filed a pleading entitled "Offer of Judgment" which stated that . . . Defendant "offers to allow Judgment to be taken against him in the amount of $6,001.00, which amount includes all attorneys fees and costs of court accrued to the date of the making of this offer and interest as may be allowed pursuant to G.S. § 24-5."

17. On May 2, 2001, counsel for . . . Plaintiff communicated to counsel for . . . Defendant an offer by . . . Plaintiff to accept a total of $9,000.00 in settlement of her claim.

18. Counsel retained by [Defendant's insurer] to represent . . . Defendant made no counter[-]offers.

The trial court entered findings with respect to the hours expended by Plaintiff's counsel and his staff, his hourly rate, and the customary fees for such work. The trial court also made note of the affidavit assertions regarding Defendant's insurer's claims practices and concluded Defendant's insurer had engaged in the unjust exercise of superior bargaining power in this case. The trial court then entered judgment for compensatory damages in the amount of $3,829.98 and awarded Plaintiff $15,231.50 in attorney's fees.

---

The issues are whether: (I) the trial court's award of attorney's fees contravened public policy and the purpose of N.C. Gen. Stat. § 6-21.1; (II) Defendant preserved for appeal the question whether the trial court's ruling on Plaintiff's motion for attorney's fees was an improper advisory opinion; (III) Defendant waived any assignment of error with respect to the trial court's reliance on affidavit assertions relating to Defendant's insurer's general or past claims practices; (IV) the award of attorney's fees punished proper case investigation and

discovery; and (V) the trial court made sufficient findings as to the time and labor expended by Plaintiff's counsel in this case.

## I

**[1]** Defendant first contends the trial court's award of attorney's fees contravened public policy and the purpose of section 6-21.1. Section 6-21.1 provides:

> In any personal injury or property damage suit, or suit against an insurance company under a policy issued by the defendant insurance company and in which the insured or beneficiary is the plaintiff, upon a finding by the court that there was an unwarranted refusal by the defendant insurance company to pay the claim which constitutes the basis of such suit, instituted in a court of record, where the judgment for recovery of damages is ten thousand dollars ($10,000) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit . . . .

N.C.G.S. § 6-21.1 (2001). Defendant argues that because Plaintiff initially demanded $38,750.00 in compensation, Plaintiff's claim does not fall within the purview of this section and the trial court should therefore have denied her request for attorney's fees. We disagree. It is "[t]he amount of the judgment obtained, not the amount of the judgment sought, [that] governs applicability of the statute." *Purdy v. Brown*, 56 N.C. App. 792, 796, 290 S.E.2d 397, 399, *rev'd on other grounds*, 307 N.C. 93, 296 S.E.2d 459 (1982). The judgment for recovery of damages obtained in this case was $3,829.98 and thus within the range that invokes operation of the statute. Consequently, this assignment of error is overruled.

## II

**[2]** Defendant next argues the trial court's ruling on Plaintiff's motion for attorney's fees was an improper advisory opinion that served to guarantee attorney's fees. Defendant, however, did not object to the trial court's ruling on the motion for attorney's fees prior to ruling on Plaintiff's initial motion for a new trial. Accordingly, Defendant failed to preserve this issue for appellate review. *See* N.C.R. App. P. 10(b)(1) ("[i]n order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion").

**PHILLIPS v. BRACKETT**

[156 N.C. App. 76 (2003)]

## III

**[3]** Defendant further asserts the trial court's reliance on the affidavit assertions relating to Defendant's insurer's general claims practices amounted to an abuse of discretion. We first note that Defendant did not cite any relevant authority in his brief to this Court in support of his argument and thereby has waived appellate review of this issue. *See* N.C.R. App. P. 28(b)(6). Moreover, even assuming the trial court erred in relying on the affidavit assertions in question, such error was harmless. Although the trial court, in order to award attorney's fees, needed to make findings with respect to the factors listed in *Washington v. Horton*, 132 N.C. App. 347, 351, 513 S.E.2d 331, 334-35 (1999), including any exercise of superior bargaining power, the existence of such a use of bargaining power is not required for a fee award, *see Robinson v. Shue*, 145 N.C. App. 60, 66-69, 550 S.E.2d 830, 834-36 (2001) (finding no abuse of discretion in trial court's award of attorney's fees where parties conceded there had been no unjust exercise of superior bargaining power). As long as the trial court's consideration of the other relevant *Washington* factors justifies an award of attorney's fees under section 6-21.1, there is no abuse of discretion. *See id.* In this case, we are satisfied with the trial court's remaining findings on the *Washington* factors and find no abuse of discretion.

## IV

**[4]** Defendant also contends the award of attorney's fees punished proper case investigation and discovery by Defendant's insurer. Specifically, Defendant argues Plaintiff's failure to provide documentary support for her claim of lost wages, which was part of her overall claim for damages, was the reason Defendant was unable to make any settlement offers prior to mediation. While Defendant's argument carries some weight as far as the disputed lost wage claim, it does not explain the absence of any settlement offers with respect to damages for which Defendant did receive timely documentary support, such as Plaintiff's medical expenses. This Court has previously held that the trial court properly awarded attorney's fees pursuant to section 6-21.1 where a "defendant's refusal to pay at least the undisputed amount of [the] loss to [the] plaintiff was unwarranted." *PHC, Inc. v. N.C. Farm Bureau Mut. Ins. Co.*, 129 N.C. App. 801, 806, 501 S.E.2d 701, 704 (1998). As Defendant in this case offered no justification for his failure to make a settlement offer prior to mediation reflecting the damages for which there was documentary support, the trial court

did not abuse its discretion in noting Defendant's lack of settlement offers and awarding Plaintiff attorney's fees in part on this basis.

V

[5] In his last assignment of error, Defendant argues the trial court made insufficient findings as to the time and labor expended by Plaintiff's counsel in this case.

We agree with Defendant that "[i]f the trial court elects to award attorney fees, it must also enter findings of fact as to the time and labor expended." *Thorpe v. Perry-Riddick*, 144 N.C. App. 567, 572, 551 S.E.2d 852, 856 (2001). In this case, the trial court's findings reflect the various tasks performed by Plaintiff's counsel during the course of his representation of Plaintiff's claim. These tasks include obtaining and forwarding Plaintiff's medical records, drafting a demand letter, corresponding with Defendant's insurer and his counsel, replying to interrogatories, defending depositions, participating in mediation, and going to trial. The trial court then listed the hours spent by Plaintiff's counsel and his staff with respect to this matter. Although the trial court made the requisite findings as to time and labor, Defendant contends the trial court was further obligated to specifically break down the number of hours allocated to each activity. Such detail, however, is not required to support an award of attorney's fees. *See, e.g., Mickens v. Robinson*, 103 N.C. App. 52, 59, 404 S.E.2d 359, 363 (1991) (where the trial court was not required to make findings allocating the time spent on the case between work required to defend against the plaintiff's claim and that required to forward the defendant's counterclaim). As the trial court's findings were sufficient, there was no abuse of discretion in awarding Plaintiff the requested attorney's fees.[1]

Affirmed.

Judges WYNN and GEER concur.

---

1. We have carefully reviewed the remaining issues raised by Defendant in his brief to this Court and find them to be without merit.