GURPREET KAUR WRIGHT, PLAINTIFF v. JAMES CLARENCE MURRAY, DEFENDANT

No. COA07-100

(Filed 6 November 2007)

**Costs— attorney fees—negligence—*Washington* factors—
credibility**

The trial court did not abuse its discretion in a negligence
case arising out of an automobile accident by ordering defendant
to pay $25,000 in attorney fees under N.C.G.S. § 6-21.1 following
a jury award of $7,000 to plaintiff, because: (1) the trial court's

order contains explicit findings of the majority of the factors in *Washington v. Horton*, 132 N.C. App. 347 (1999), including the lack of settlement offers prior to the filing of plaintiff's claim, offer of judgment made under N.C.G.S. § 1A-1, Rule 68, and amounts of settlement offers relative to the jury's verdict; (2) the trial court stated the order was based on a review of the entire record, the court's first-hand acquaintance with the evidence presented, the observation of the parties, the witnesses, the attorneys involved, various other attendant circumstances, the affidavits of plaintiff's attorney, and the arguments for both parties; (3) the trial court included findings as to the service performed by plaintiff's attorney during his representation of plaintiff and to the number of hours he spent on her claim, as well as his per hour charge including that the charge was customary for the area; and (4) the Court of Appeals cannot substitute its assessment of the credibility of the evidence for that of the trial judge when the record contained evidence that supported the version of events offered by both parties.

Appeal by defendant from order entered 5 September 2006 by Judge Abraham Penn Jones in Superior Court, Wake County. Heard in the Court of Appeals 11 September 2007.

*E. Gregory Stott, for plaintiff-appellee.*

*McAngus, Goudelock & Courie, PLLC, by Mary M. Webb, for defendant-appellant.*

*Larcade, Heiskell & Askew, PLLC, by Christopher N. Heiskell and Roger A. Askew, for North Carolina Association of Defense Attorneys, amicus curiae.*

WYNN, Judge.

In North Carolina, when a plaintiff recovers ten thousand dollars or less in a personal injury suit, the trial court may allow a reasonable fee to the plaintiff's attorney "upon a finding by the court that there was an unwarranted refusal by the defendant insurance company to pay the claim which constitutes the basis of such suit."[1]

---

1. N.C. Gen. Stat. § 6-21.1 (2005); *see also Poole v. Miller*, 342 N.C. 349, 353, 464 S.E.2d 409, 411 (1995) (" '[J]udgment finally obtained' means the amount ultimately entered as representing the final judgment, i.e., the jury's verdict as modified by any applicable adjustments, by the respective court in the particular controversy, not simply the amount of the jury's verdict."), *reh'g denied*, 342 N.C. 666, 467 S.E.2d 722 (1996).

Here, the defendant argues that the trial court abused its discretion by ordering $25,000 in attorney fees following the jury's award of $7,000 to the plaintiff. Because the trial court's order is supported by the requisite findings of fact and conclusions of law, we find no abuse of discretion.

On 3 August 2002, Plaintiff Gurpreet Kaur Wright and Defendant James Clarence Murray were involved in a motor vehicle accident on Ridge Road in Raleigh, North Carolina. Through her attorney, E. Gregory Stott, Ms. Wright filed a complaint in Wake County District Court on 19 November 2004 against Mr. Murray, alleging that his negligence caused the accident. Mr. Murray's insurance carrier defended him against Ms. Wright's lawsuit and through its attorneys filed an answer to the complaint on 31 January 2005, denying liability and also alleging contributory negligence by Ms. Wright in causing the accident. Mr. Murray's attorneys filed a Request for Statement of Monetary Relief Sought by Plaintiff on 7 February 2005. Due to the amount of damages requested by Ms. Wright in her original complaint, the lawsuit was transferred to Wake County Superior Court by the consent of both parties on 18 February 2005.

The parties then began discovery, including production of documents and interrogatories, and Mr. Stott filed Partial Responses to Defendant's First Request for Production of Documents for Ms. Wright on 31 May 2005, attaching some of the medical records for treatment she received for injuries sustained in the August 2002 car accident. On 6 July 2005, Mr. Stott filed a Supplemental Response to Request for Production of Documents, which again included copies of medical bills for Ms. Wright.

The parties attended a mediation session on 14 September 2005, which culminated in an offer by Mr. Murray's attorneys to settle Ms. Wright's claim for $8,000. Ms. Wright declined that offer, as well as a formal Offer of Judgment for the total sum of $8,001, to include costs, interest, and attorney's fees, made by Mr. Murray's attorneys on 16 September 2005, approximately one month before the trial was scheduled to take place.

At the 17 October 2005 session of Wake County Superior Court, a jury heard Ms. Wright's claim against Mr. Murray and returned a verdict finding Mr. Murray negligent and Ms. Wright not contributorily negligent, and awarding Ms. Wright $7,000 for her personal injuries. The trial court entered a judgment against Mr. Murray based on the jury verdict on 7 December 2005.

Following the judgment, Ms. Wright's attorney, Mr. Stott, filed a request for an assessment of court costs and of attorney fees as court costs. In an order filed 5 September 2006, the trial court found that the "judgment finally obtained" by Ms. Wright "was more favorable than [Mr. Murray's] Offer of Judgment." The trial court further found as fact that Mr. Stott had "recorded more than 139.5 hours of time in rendering [his] services to [Ms. Wright] and he charges $220.00 per hour, which is a customary charge of attorneys in this area." Those services included "telephone and personal consultations, drafting and filing court papers, preparing for hearing, numerous appearances in court, legal research, drafting court orders and other miscellaneous activities." The trial court concluded that Mr. Murray should be taxed with the costs of Ms. Wright's action against him, including fees for filing, subpoenas, expert witnesses, and depositions, in the amount of $3,188.25. Additionally, the trial court ordered Mr. Murray to pay Mr. Stott $25,000 in reasonable attorney fees and $160.50 in photocopying expenses.

Mr. Murray now appeals the order of attorney fees, arguing that (I) the trial court's findings of fact are not supported by competent evidence to sustain the award and amount of attorney fees; and (II) the trial court abused its discretion in the award and amount of attorney fees under North Carolina General Statute § 6-21.1. Because the arguments on these issues overlap, we consolidate them for discussion.

---

Our General Assembly set forth the law governing the outcome of this appeal in Section 6-21.1 of our General Statutes, which provides that:

In any personal injury or property damage suit, or suit against an insurance company under a policy issued by the defendant insurance company and in which the insured or beneficiary is the plaintiff, upon a finding by the court that there was an unwarranted refusal by the defendant insurance company to pay the claim which constitutes the basis of such suit, instituted in a court of record, where the judgment for recovery of damages is ten thousand dollars ($10,000) or less, the presiding judge may, *in his discretion*, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fee to be taxed as a part of the court costs.

N.C. Gen. Stat. § 6-21.1 (2005) (emphasis added). Because this section empowers our trial judges with the discretion to allow attorney fees, we review challenges to a trial judge's award of attorney fees pursuant to Section 6-21.1 under the abuse of discretion standard.

An abuse of the discretion to award attorney fees occurs when "[a] decision [is] manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision." *Briley v. Farabow*, 348 N.C. 537, 547, 501 S.E.2d 649, 656 (1998) (internal quotations omitted). Our Supreme Court has further noted:

> The obvious purpose of this statute is to provide relief for a person who has sustained injury or property damage in an amount so small that, if he must pay his attorney out of his recovery, he may well conclude that it is not economically feasible to bring suit on his claim. In such a situation the Legislature apparently concluded that the defendant, though at fault, would have an unjustly superior bargaining power in settlement negotiations. . . . This statute, being remedial, should be construed liberally to accomplish the purpose of the Legislature and to bring within it all cases fairly falling within its intended scope.

*Hicks v. Albertson*, 284 N.C. 236, 239, 200 S.E.2d 40, 42 (1973) (citation omitted).

Nevertheless, we have noted that "[t]he discretion accorded the trial court in awarding attorney fees pursuant to N.C. Gen. Stat. § 6-21.1 is not unbridled." *Washington v. Horton*, 132 N.C. App. 347, 351, 513 S.E.2d 331, 334 (1999). In exercising such discretion, a trial court must consider the entire record, including but not limited to factors such as: (1) the settlement offers made prior to the institution of the action; (2) offers of judgment made pursuant to Rule 68 and whether the "judgment finally obtained" was more favorable than such offers; (3) whether the defendant unjustly exercised "superior bargaining power"; (4) in the case of an unwarranted refusal by an insurance company, the context in which the dispute arose; (5) the timing of settlement offers; and (6) the amounts of the settlement offers compared to the jury verdict. *Id.*, 513 S.E.2d at 334-35 (citations omitted).

Moreover, when examining a trial court's decision to award attorney fees, this Court

> require[s] more than "[m]ere recitation by the trial court that it has considered all *Washington* factors." *Thorpe v. Perry-Riddick*,

144 N.C. App. 567, 572, 551 S.E.2d 852, 857 (2001). However, the trial court is not required to make detailed findings of fact as to each factor. *Tew v. West,* 143 N.C. App. 534, 537, 546 S.E.2d 183, 185 (2001). Instead, the trial court is required only to make the additional findings necessary to preserve its ruling on appeal. *Thorpe,* 144 N.C. App. at 573, 551 S.E.2d at 857.

*House v. Stone,* 163 N.C. App. 520, 523, 594 S.E.2d 130, 133 (2004).

In the instant case, the trial court's order contains explicit findings regarding the lack of settlement offers prior to the filing of Ms. Wright's claim, offer of judgment made pursuant to Rule 68, timing of the settlement offers, and amounts of the settlement offers relative to the jury's verdict. The order further finds that the "judgment finally obtained" by Ms. Wright was more favorable than Mr. Murray's final offer of judgment.[2] As such, the order had specific findings as to the majority of the *Washington* factors.

Additionally, the trial judge stated that the order was based on "a review of the entire record herein, the court's first hand acquaintance with the evidence presented, the observance of the parties, the witnesses, the attorneys involved, various other attendant circumstances, the affidavits of the plaintiff's attorney and the arguments of the attorneys for both parties[.]" Finally, the trial judge included findings as to the services performed by Mr. Stott during his representation of Ms. Wright and to the number of hours he spent on her claim, as well as his per-hour charge and that the charge is customary for the area.

Mr. Murray contends that these findings as to the *Washington* factors and as to the amount of the attorney fees awarded to Ms. Wright were not supported by competent evidence, and that the trial judge abused his discretion in awarding and determining the amount of the attorney fees. We are not persuaded.

---

2. Though not an issue raised by the parties in this matter, it should be noted that Mr. Murray's final offer of judgment to Ms. Wright was $8,001, inclusive of all costs, interest, and attorney fees. Ms. Wright received $7,000 in the award from the jury, and the trial court ordered Mr. Murray to pay an additional $3,188.25 in court costs, aside from attorney fees. Thus, with those costs included—and leaving aside for the moment the question of attorney fees—Ms. Wright's "judgment finally obtained" exceeded Mr. Murray's offer to settle for $8,001. *See Poole,* 342 N.C. at 353, 464 S.E.2d at 411 (" '[J]udgment finally obtained' means the amount ultimately entered as representing the final judgment, i.e., the jury's verdict as modified by any applicable adjustments, by the respective court in the particular controversy, not simply the amount of the jury's verdict."). Under our previous precedents, then, Ms. Wright's "judgment finally obtained" exceeded the final settlement offer made by Mr. Murray.

WRIGHT v. MURRAY

[187 N.C. App. 155 (2007)]

The record before us reflects an ongoing dispute between counsel for plaintiff and counsel for defendant as to how Ms. Wright's claim against Mr. Murray proceeded from the time of the accident up until the time of the jury trial, including what occurred at the mediation session. Mr. Murray's attorneys contend that Ms. Wright did not provide them with any medical records documenting her injuries and treatment, so that they were unable to prepare a settlement offer prior to mediation; Ms. Wright's attorney, by contrast, asserts—and submits supporting documentation attached to a discovery response—that Ms. Wright's medical records were available to Mr. Wright's attorneys as early as May 2005, six months before the trial.

When a trial judge sits as "both judge and juror," as in a hearing on court costs and attorney's fees, "it is that judge's duty to weigh and consider all competent evidence, and pass upon the credibility of the witnesses, the weight to be given their testimony and the reasonable inferences to be drawn therefrom." *In re Whisnant*, 71 N.C. App. 439, 441, 322 S.E.2d 434, 435 (1984) (citation omitted). Here, the trial court directly observed the attorneys throughout the course of this matter, including their demeanor and characteristics during the hearing on costs and fees. The record contains evidence that supports the versions of events offered by both Ms. Wright's and Mr. Murray's counsel. In such an instance, we cannot substitute our assessment of the credibility of the evidence for that of the trial judge. Instead, our law compels us to decline to find an abuse of discretion where the trial court, in its discretion, finds one version more credible than the other. *See In re Gleisner*, 141 N.C. App. 475, 480, 539 S.E.2d 362, 365-66 (2000) ("If different inferences may be drawn from the evidence, the trial judge must determine which inferences shall be drawn and which shall be rejected."). Accordingly, we overrule these assignments of error.

Affirmed.

Judges ELMORE and JACKSON concur.