ALOMA COLEMAN BRYSON, PLAINTIFF v. JONATHAN HUBERT CORT, DEFENDANT

No. COA08-51

(Filed 4 November 2008)

**1. Costs— attorney fees—judgment under $10,000—calculation of prejudgment interest**

The trial court used the correct date for the commencement of an action when determining interest in a negligence action in which attorney fees were awarded under N.C.G.S. § 6-21.1 where the defendant contended that an earlier date should have been used, which would have resulted in an award over $10,000. There were alias and pluries summonses, the action was discontinued because an additional alias and pluries summons was not issued in the requisite time, and plaintiff revived her action by obtaining another alias and pluries summons. This was the date the court correctly used.

**2. Costs— attorney fees—judgment under $10,000—post judgment interest not included**

Interest after a judgment has no bearing on the trial court's ability to award attorney fees, and the trial court did not err by calculating prejudgment interest only to the date the judgment was entered.

**3. Costs— attorney fees—no finding that justiciable issue missing**

N.C.G.S. § 6-21.1 does not require a complete absence of a justiciable issue before awarding attorney fees, as does N.C.G.S. § 6-21.5.

**4. Cost— attorney fees—amount of judgment—disproportionality**

The trial court did not err in its award of attorney fees of $12,255.00 in a negligence action where defendant argued that the award was disproportionate to the amount of damages of $9,930.74. The legislature specifically enacted N.C.G.S. § 6-21.1 to

**BRYSON v. CORT**

[193 N.C. App. 532 (2008)]

provide relief for people with damages so small that legal fees would otherwise make the action impractical. Plaintiff provided detailed time and billing statements from her attorney, and the trial court's factual findings indicate that it gave careful consideration to those statements as well as to the arguments from both parties. The amount of the fees can be directly attributed to defendant's insurance carrier not making any good faith attempt to resolve the matter.

**5. Appeal and Error— frivolous appeal—motion for sanctions denied—legitimate issue raised**

Plaintiff's motion on appeal for sanctions for a frivolous appeal in a negligence action involving attorney fees was denied where defendant raised a legitimate issue of law that had not previously been addressed. N.C. R. App. P. 34(a)(1),(2).

Appeal by defendant from judgment entered 5 September 2007 by Judge John S. Arrowood in Mecklenburg County Superior Court. Heard in the Court of Appeals 19 August 2008.

*The Law Offices of William K. Goldfarb, by William K. Goldfarb and Graham T. Stiles, for plaintiff appellee.*

*York, Williams, Barringer, Lewis & Briggs, L.L.P., by Heather G. Connor and Angela M. Easley, for defendant appellant.*

McCULLOUGH, Judge.

Defendant Jonathan Hubert Cort appeals from a judgment of the trial court entered on 5 September 2007 awarding to plaintiff Aloma Coleman Bryson $12,255.00 in attorney's fees. We will also address plaintiff's motion filed on 23 May 2008, which requested that sanctions be imposed against defendant's counsel for filing a frivolous appeal. For the reasons stated herein, we affirm the judgment of the trial court and deny plaintiff's motion for sanctions.

## I. Background

On 26 April 2004, plaintiff and defendant were involved in an automobile accident in Charlotte, North Carolina. When defendant was turning left at an intersection, he collided into plaintiff's vehicle, causing injuries to plaintiff and damages to her vehicle. On 1 February 2005, plaintiff filed a complaint against defendant in Mecklenburg County Superior Court alleging motor vehicle negli-

gence and requesting damages for her personal injuries, property damage, and lost wages arising from the accident. A civil summons was issued on 1 February 2005. On 2 May 2005, the complaint had not been served upon defendant; so plaintiff obtained an endorsement on the summons. Alias and pluries summons were issued on 27 June 2005, 22 February 2006, 9 June 2006, and 29 August 2006.

Defendant filed an answer on or about 28 September 2006, denying fault and asserting the defense of contributory negligence. Additional alias and pluries summons were issued on 2 November 2006, 8 January 2007, 6 March 2007, and 9 May 2007. Defendant and his automobile insurance carrier, State Farm Insurance Company, never made any offers to settle with plaintiff. The case was tried before a jury on 20 August 2007 in Mecklenburg County Superior Court, with the Honorable John S. Arrowood presiding. Both parties stipulated that if the jury found defendant to be completely at fault, plaintiff would be entitled to recover an additional $881.48 for her rental car expenses.

On 22 August 2007, the jury found that plaintiff was injured as a result of defendant's negligence and that plaintiff did not, by her own negligence, contribute to her injuries. The jury awarded plaintiff $8,173.98 for her personal injuries. Due to the parties' prior stipulation, plaintiff was also entitled to recover an additional $881.48 for her rental car expenses, resulting in an award of $9,055.46. The trial court calculated prejudgment interest on the principal sum, from 9 June 2006 to 24 August 2007, in the amount of $875.28. The jury verdict, rental car expenses, and prejudgment interest resulted in a total award of $9,930.74 for plaintiff.

After the jury's verdict, plaintiff moved for attorney's fees supported by an affidavit and billing statements from plaintiff's counsel. The trial court heard arguments from both parties on 22 August 2007. Both parties submitted additional briefing and the trial court heard further arguments on the issue of attorney's fees on 24 August 2007.

The trial court entered a judgment on 5 September 2007 awarding plaintiff compensatory damages in the amount of $9,055.46, prejudgment interest from 9 June 2006 to 24 August 2007 in the amount of $875.28, attorney's fees in the amount of $12,255.00, and costs in the amount of $1,168.30. Defendant filed a notice of appeal on 26 September 2007. On 23 May 2008, plaintiff filed a motion for sanctions, requesting that this Court impose sanctions on defendant's counsel for filing a frivolous appeal.

## II. Issues

Defendant assigns error to the trial court's order of attorney's fees, arguing that (1) the trial court erred in its findings of fact and conclusions of law that plaintiff was entitled to an award of attorney's fees and (2) the award of $12,255.00 in attorney's fees to plaintiff was unreasonable. We will also address plaintiff's motion for sanctions.

## III. Award of Attorney's Fees

[1] Generally, in the absence of statutory authority, attorney's fees cannot be recovered by the successful litigant. *Washington v. Horton*, 132 N.C. App. 347, 349, 513 S.E.2d 331, 333 (1999). N.C. Gen. Stat. § 6-21.1 "creates an exception to the general rule that attorney's fees are not allowable as part of the costs in civil actions." *Hill v. Jones*, 26 N.C. App. 168, 169, 215 S.E.2d 168, 169, *cert. denied*, 288 N.C. 240, 217 S.E.2d 664 (1975). N.C. Gen. Stat. § 6-21.1 (2007) provides as follows:

> In any personal injury or property damage suit . . . where the judgment for recovery of damages is ten thousand dollars ($10,000) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fee to be taxed as a part of the court costs.

The purpose of this statute is to provide relief for a person who sustained injury or property damage in an amount so small that, if he must pay counsel from his recovery, it is not economically feasible to bring suit on his claim. *Hicks v. Albertson*, 284 N.C. 236, 239, 200 S.E.2d 40, 42 (1973). In such a situation, the Legislature apparently concluded that the defendant, though at fault, would have an unjustly superior bargaining power in settlement negotiations. *Id.* The Legislature was aware that the majority of such claims arise out of automobile accidents in which the alleged wrongdoer is insured and his insurance carrier controls the litigation. *Id.* "This statute, being remedial, should be construed liberally to accomplish the purpose of the Legislature and to bring within it all cases fairly falling within its intended scope." *Id.* (citation omitted).

" 'The case law in North Carolina is clear that to overturn the trial judge's determination, the defendant must show an abuse of discretion.' " *Blackmon v. Bumgardner*, 135 N.C. App. 125, 130, 519 S.E.2d 335, 338 (1999) (quoting *Hillman v. United States Liability Ins. Co.*, 59 N.C. App. 145, 155, 296 S.E.2d 302, 309 (1982), *disc. review denied*,

307 N.C. 468, 299 S.E.2d 221 (1983)). An abuse of discretion occurs when the trial court's ruling is " 'manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision.' " *Robinson v. Shue*, 145 N.C. App. 60, 65, 550 S.E.2d 830, 833 (2001) (quoting *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988)).

If the trial court elects to award attorney's fees, it must also make findings of fact to support its award. *Porterfield v. Goldkuhle*, 137 N.C. App. 376, 378, 528 S.E.2d 71, 73 (2000). Here, the trial court found that "the total amount of the Judgment is Nine Thousand Nine Hundred Thirty Dollars and Seventy-Four Cents [$9,930.74] triggering a determination of whether the Court, in its discretion, will award attorney's fees as a part of the costs under N.C.G.S. 6-21.1."

Furthermore, when attorney's fees are at issue, the trial court must examine the entire record, as well as the following factors: (1) settlement offers made prior to institution of the action; (2) offers of judgment made pursuant to Rule 68 and whether the judgment finally obtained was more favorable than such offers; (3) whether defendant unjustly exercised superior bargaining power; (4) in the case of an unwarranted refusal by an insurance company, the context in which the dispute arose; (5) the timing of settlement offers; and (6) the amounts of settlement offers as compared to the jury verdict. *Washington*, 132 N.C. App. at 351, 513 S.E.2d at 334-35. The trial court made the following findings of fact pertaining to these factors:

11) Prior to the verdict, the Defendant refused to make any effort whatsoever to resolve the case from the institution of said action to the present.

12) The Defendant was clearly negligent in the operation of a motor vehicle.

13) The Defendant made no offer of judgment and made no good faith attempt to resolve this matter.

14) The Defendant exercised superior bargaining power in this dispute through a 3rd party source.

15) Based upon the review of the whole record, and in its discretion, the Court will award attorney fees.

Defendant argues that the trial court did not have jurisdiction to award attorney's fees pursuant to N.C. Gen. Stat. § 6-21.1 because the

total amount of the judgment exceeded $10,000.00. Specifically, defendant contends that the trial court's judgment of $9,930.74 is erroneous because it did not calculate the prejudgment interest correctly. Defendant argues that if the trial court had calculated the prejudgment interest properly, the judgment would have exceeded the $10,000.00 limit, set forth in N.C. Gen. Stat. § 6-21.1, and the trial court would not have had the discretion to award attorney's fees to plaintiff.

N.C. Gen. Stat. § 24-5(b) requires that "any portion of a money judgment designated by the fact finder as compensatory damages bears interest *from the date the action is commenced until the judgment is satisfied.*" N.C. Gen. Stat. § 24-5(b) (2007) (emphasis added). For purposes of N.C. Gen. Stat. § 24-5(b), the trial court calculated the prejudgment interest on the principal sum of $9,055.46, from 9 June 2006 until 24 August 2007, which resulted in prejudgment interest in the amount of $875.28 and a total judgment in the amount of $9,930.74. Defendant argues that "the date the action commenced" pursuant to N.C. Gen. Stat. § 24-5(b) is not 9 June 2006, but instead is 1 February 2005, the date that plaintiff filed her complaint. Defendant asserts that if 1 February 2005 had been used as the date the action commenced, the prejudgment interest would be in the amount of $1,851.78, resulting in a total judgment in the amount of $10,907.24, which exceeds the $10,000.00 threshold set forth in N.C. Gen. Stat. § 6-21.1. *See* N.C. Gen. Stat. § 6-21.1.

Defendant relies on Rule 3 of the North Carolina Rules of Civil Procedure which provides that a "civil action is commenced by filing a complaint with the court." N.C. Gen. Stat. § 1A-1, Rule 3(a) (2007). While an action can commence by filing a complaint, this is only so when certain requirements are met. *See* N.C. Gen. Stat. § 1A-1, Rule 3(a)(2). Rule 3 provides that the complaint "be served in accordance with the provisions of Rule 4. . . . If the complaint is not filed within the period specified in the clerk's order, the action shall abate." *Id.* Rule 4 requires the summons and petition to be served on the opposing party within sixty (60) days of issuance. N.C. Gen. Stat. § 1A-1, Rule 4(c) (2007).

If the opposing party is not served within sixty (60) days, Rule 4(d) permits the action to be continued by obtaining an alias or pluries summons, within ninety (90) days after the date of issue of the last preceding summons. N.C. Gen. Stat. § 1A-1, Rule 4(d)(2). Additional alias or pluries summons can be issued to continue to relate back to the date of the original complaint if obtained within

ninety (90) days of the date the previous alias or pluries summons was issued. *Id.*

Rule 4 further states the following:

> e) *Summons—Discontinuance.*—When there is neither endorsement by the clerk nor issuance of alias or pluries summons within the time specified in Rule 4(d), *the action is discontinued as to any defendant not theretofore served with summons within the time allowed. Thereafter, alias or pluries summons may issue, or an extension be endorsed by the clerk, but, as to such defendant, the action shall be deemed to have commenced on the date of such issuance or endorsement.*

N.C. Gen. Stat. § 1A-1, Rule 4(e) (emphasis added).

Rule 4(e) mandates that where there is neither endorsement nor issuance of an alias or pluries summons within ninety-(90) days after issuance of the last preceding summons, the action is discontinued and treated as if it had never been filed. *Johnson v. City of Raleigh,* 98 N.C. App. 147, 148-49, 389 S.E.2d 849, 851, *disc. review denied,* 327 N.C. 140, 394 S.E.2d 176 (1990). Under Rule 4(e), an extension can be endorsed by the clerk or an alias or pluries summons can be issued after the ninety (90) days has run, but "the action is deemed to have commenced, as to such a defendant, on the date of the endorsement or the issuance of the alias or pluries summons." *Lemons v. Old Hickory Council,* 322 N.C. 271, 275, 367 S.E.2d 655, 657, *reh'g denied,* 322 N.C. 610, 370 S.E.2d 247 (1988).

Here, plaintiff had an alias and pluries summons issued on 22 February 2006, which expired on or around 22 May 2006. Because plaintiff did not have an additional alias and pluries summons issued during that time period, her action was discontinued on 22 May 2006. However, pursuant to the provisions of Rule 4(e), plaintiff revived her action by obtaining another alias and pluries summons on 9 June 2006. Her action is now deemed to have commenced on 9 June 2006.

Defendant also argues that plaintiff is bound by her request in her initial complaint, which was that prejudgment interest be calculated from the date she filed her complaint. Defendant is incorrect. Because of the lapse in the alias or pluries summons, plaintiff's action was discontinued on 22 May 2006. Once an action is discontinued, the trial court has no discretion in determining the date the action com-

menced. *See Lackey v. Cook*, 40 N.C. App. 522, 253 S.E.2d 335, *cert. denied*, 297 N.C. 610, 257 S.E.2d 218 (1979) (holding that if an action is discontinued, the trial court is required to follow Rule 4 to determine the date the action commenced). As discussed above, plaintiff's action is not deemed to have commenced until 9 June 2006 and therefore prejudgment interest was correctly calculated to begin on that date. *See* N.C. Gen. Stat. § 1A-1, Rule 4(e).

**[2]** Defendant also asserts that the trial court erred by only calculating the prejudgment interest until 24 August 2007, the date the judgment was entered. Defendant states that N.C. Gen. Stat. § 24-5(b) expressly provides interest to continue accruing "until the judgment is satisfied." N.C. Gen. Stat. § 24-5(b) (2007). Defendant is correct in that interest will continue to accrue on a judgment until it is satisfied; however, the additional interest accrued after judgment is entered has no bearing on the trial court's ability to award attorney's fees at the time of judgment. Defendant does not cite to any case which calculates the amount of judgment, pursuant to N.C. Gen. Stat. § 6-21.1, by adding interest that had accrued after the judgment had been entered. For purposes of N.C. Gen. Stat. § 6-21.1, the trial court uses the amount of prejudgment interest accrued on the date of entry of judgment to determine if it has the discretion to award attorney's fees.

To allow post-judgment interest for purposes of determining the $10,000.00 limit set forth in N.C. Gen. Stat. § 6-21.1 would allow and encourage non-prevailing parties to delay satisfying judgment in order to exceed the $10,000.00 threshold and avoid paying attorney's fees. This would frustrate the clear legislative intent of N.C. Gen. Stat. § 6-21.1. Thus, we hold that the trial court did not err in calculating prejudgment interest from 9 June 2006 to 24 August 2007, and therefore, was within its discretion in awarding attorney's fees pursuant to N.C. Gen. Stat. § 6-21.1.

**[3]** Defendant further argues that the trial court's award of attorney's fees was improper because it did not meet the requirements of the N.C. Gen. Stat. § 6-21.5 (2007) by finding that "there was a complete absence of a justiciable issue of either law or fact" before awarding attorney's fees. N.C. Gen. Stat. § 6-21.5. However, the trial court did not award attorney's fees pursuant to N.C. Gen. Stat. § 6-21.5, but instead awarded attorney's fees pursuant to N.C. Gen. Stat. § 6-21.1, which does not have any such requirement. *See* N.C. Gen. Stat. § 6-21.1. Therefore, defendant's argument is without merit.

## IV. Amount of Attorney's Fees

[4] Defendant argues that if we determine that the trial court had discretion to award attorney's fees to plaintiff, then its award of $12,255.00 is unreasonable. We disagree. When a trial court uses its discretion to determine the amount of attorney's fees, its award will not be disturbed without a showing of manifest abuse of its discretion. *West v. Tilley*, 120 N.C. App. 145, 151, 461 S.E.2d 1, 4 (1995). Before awarding attorney's fees, pursuant to N.C. Gen. Stat. § 6-21.1, the trial court must also make findings of fact concerning "the time and labor expended, skill required, customary fee for like work, and experience or ability of the attorney based on competent evidence." *Thorpe v. Perry-Riddick*, 144 N.C. App. 567, 572, 551 S.E.2d 852, 856 (2001).

Defendant argues that the trial court abused its discretion because the amount of attorney's fees awarded is unreasonably disproportionate to the amount of damages awarded. However, it is a common occurrence in personal injury actions, for the attorney's fees to be considerably higher than the actual damages awarded. *See Wright v. Murray*, 187 N.C. App. 155, 651 S.E.2d 913 (2007) (finding that attorney's fees of $25,000.00 were reasonable on a $7,000.00 verdict); *Overton v. Purvis*, 162 N.C. App. 241, 591 S.E.2d 18 (2004) (holding that awarding $32,000.00 in attorney's fees was not excessive for a plaintiff who recovered $7,000.00 in damages); *Phillips v. Brackett*, 156 N.C. App. 76, 575 S.E.2d 805 (2003) (affirming the trial court's award of $15,231.50 in attorney's fees on a $3,829.98 verdict).

Defendant fails to recognize that the Legislature specifically enacted this statute to provide relief for claimants such as plaintiff. *See Hicks*, 284 N.C. at 239, 200 S.E.2d at 42 (explaining that the statute's purpose is provide relief for a person whose damages are in an amount so small that it is not economically feasible to bring suit on his claim if he must pay legal fees from his recovery). Here, plaintiff's attorney's fees exceeded her total award by $2,324.26. Without this remedy, plaintiff probably would have been deterred from pursuing her claim.

Furthermore, the trial court made the following factual findings regarding the amount of the attorney's fees:

9) Plaintiff's attorney has spent over Seventy-Four and One-third (74.3) hours in this action. Plaintiff's paralegal spent

in excess of Fourteen and Eight-tenths (14.8) hours in this action.

\* \* \* \*

16) The Plaintiff's attorney worked 74.3 hours on Plaintiff's case . . . . The Court finds that this time was reasonably necessary for prosecution of this case. The Court further finds that One Hundred Fifty dollars ($150.00) an hour is a reasonable rate for cases of this nature with a lawyer of this experience and skill. The Court also finds Seventy-five dollars ($75.00) an hour is a reasonable rate for cases of this nature for a paralegal to spend on this type of case and that Plaintiff's counsel used a paralegal for a total of 14.8 hours and that this time was reasonable and necessary.

In plaintiff's motion for attorney's fees, she provided the trial court with detailed time and billing statements from her attorney, which are included in the record on appeal. Plaintiff had initially requested $16,840.00 in attorney's fees. The trial court eliminated some of plaintiff's initial attorney's fees and, at defendant's request, reduced the hourly rate for plaintiff's counsel from $200.00 to $150.00. The trial court's factual findings indicate that it gave careful consideration to plaintiff's time and billing statements and to the arguments from both parties' counsel when making its determination. We find that competent evidence exists to support the amount of attorney's fees awarded and affirm the trial court's order.

It is important to note that the amount of attorney's fees can be directly attributed to defendant's auto insurance carrier, State Farm Insurance Company, and its failure to make any good faith attempts to resolve this matter. In its order, the trial court stated that, although defendant was "clearly negligent[,]" defendant's insurance company "refused to make any effort whatsoever to resolve the case from the institution of said action to the present." By refusing to compensate plaintiff for her injuries and property damage, defendant's insurance company delayed the matter, resulting in additional legal fees accruing for plaintiff.

At this point, defendant's insurance company has delayed paying plaintiff's counsel an additional year and has likely caused plaintiff to incur additional attorney's fees for this appeal. This common practice has deterred attorneys from representing plaintiffs in these actions due to the likely delay of payment for the attorney's services. We hope that in the future, N.C. Gen. Stat. § 6-21.1 will encourage insurance

companies to make efforts to resolve such personal injury claims quickly, so that they are not required to pay additional legal fees of the plaintiff.

### V. Plaintiff's Motion For Sanctions

[5] Plaintiff has moved this Court to impose sanctions against defendant's counsel for filing a frivolous appeal pursuant to Rule 34 of the North Carolina Rules of Appellate Procedure. N.C. R. App. P. 34(a)(1),(2) (allowing this Court to award sanctions if the appeal is "not well grounded in fact and warranted by existing law" or if the appeal was "taken or continued for an improper purpose"). However, defendant's counsel did raise a legitimate issue of law in his appeal that our Court had not previously addressed, concerning the interpretation of N.C. Gen. Stat. § 6-21.1 as it relates to Rule 4 of the North Carolina Rules of Civil Procedure. Thus, we deny plaintiff's motion for sanctions.

### VI. Conclusion

For the foregoing reasons, we overrule defendant's assignments of error and affirm the judgment of the trial court. We also deny plaintiff's motion for sanctions.

Affirmed.

Judges McGEE and STROUD concur.